JOHN G. HIBBARD, Plaintiff in Error.

*vs.*

MILO H. PETTIBONE and ABRAHAM HATFIELD,
Defendants in error.

ERROR TO CIRCUIT COURT, PORTAGE COUNTY.

When the sheriff had a writ of attachment returnable the first Monday of April, and did not make return until the 17th of July, and the plaintiff took no steps to procure a return to the writ, nor entered his own appearance in the case ; held that the action thereby became discontinued.

Where the plaintiff in an attachment suit brings the defendant before the court by publication of notice, &c., enters the default of the defendant, and sues out a writ of inquiry to assess his damages, but did not previously take an interlocutory judgment ; held that for want of the entry of the interlocutory judgment, the final judgment was erroneous.

In a case where the defendant does not enter an appearance, the plaintiff must proceed in the action strictly according to law, and the well established practice of the court.

The facts of this case are fully stated in the opinion of the court.

*Smith & Keyes, and G. Bouck,* for the plaintiff in error.

*M. Strope,* for the defendants in error.

*By the Court,* COLE J.   We think the judgment of the circuit court in this case should be reversed.

It appears from the record that the suit was commenced by a writ of attachment sued out by the defendants in error against the plaintiff in error, as an absconding debtor. The writ was sued out on the 23d day of January, 1854, and

was made returnable according to law on the first Monday of April next thereafter, that being the first day of the next succeeding term of court. The writ, however, was not in fact returned until the 17th day of July thereafter, about which time the usual steps were taken to bring in the plaintiff in error by publication and notice as in case of non-resident defendants.

The statute requires, section 1, chap. 90, R. S. that all writs and process from courts of record in this State shall be made returnable on the first day of the next succeeding term, &c. If the Sheriff neglected to make a return of the writ at the proper time, the defendants in error should have taken steps to have compelled him to make return. This they did not see proper to do. Now the practice is not to be tolerated of officers keeping in their pockets writs of court, months after the day on which they should be returned, and then file them in the clerk's office at pleasure. As no appearance was entered by the plaintiff in error, it was particularly incumbent upon the defendants in error to proceed in the action according to law and the well established rules of practice.

Again, we find upon the examination of the record, another error which cannot be overlooked. The defendants in error at the proper stage in this cause, entered the default of the plaintiff in error, and sued out their writ of inquiry to assess damages. But they did not previously take an interlocutory judgment, as they should have done. We consider the proceedings in the case so irregular that the judgment based thereon ought to be reversed.

Judgment of the circuit court is therefore reversed.