No. 5884.

## JOSEPHENE A. RIORDAN *v.* A. M. BRITTON.

1. LEVY OF ATTACHMENT.—It is not necessary to the validity of the levy of an attachment on real estate, that the officer having charge of the writ, should go upon the ground. The lien of the attachment upon the property seized, dates from the time the officer endorses the levy on the writ. The presence of the officer on the ground intended to be levied on and his declaration there made that he levied a writ of attachment thereon, can not without such endorsement constitute a valid levy.

2. SAME.—A writ of attachment was levied on a stock of goods and the officer endorsed on the writ, after stating his levy on the goods, the following words: "Also store house and lots," without describing the lots. A more specific description was afterwards made by the officer in amending his levy. *Held*, that as against a creditor of the defendant who claimed under an attachment lien on the lots secured by levy afterwards made, whose attorney directing the levy had full knowledge of the house and lots intended to be and which were actually seized under the first levy, the first levy secured the prior lien and also against all claiming under the junior levy, with notice.

3. CASE FOLLOWED—FACT CASE.—City Bank v. Cupp, 59 Texas, 268, followed. See opinion for facts under which it was held that a levy of attachment was not forfeited by the delay in returning the writ.

APPEAL from Mitchell. Tried below before Chas. I. Evans, Esq., special judge.

In this case, both parties claimed title to two lots and improvements thereon, under J. M. Cupp & Co., and through sheriff's sales made under orders of sale on judgments rendered on attachment suits against Cupp & Co., foreclosing attachment liens.

Appellee, through a sale made on the third day of July, 1883, under an order of sale issued by the clerk of the district court of Tarrant county, on a judgment rendered by the Supreme Court on the nineteenth day of May, 1883, in the case of the City Bank of Fort Worth v. J. M. Cupp & Company, on appeal from the district court of Tarrant county, decreeing a foreclosure of an attachment lien, in favor of the bank, on the property in controversy, and deed from the sheriff of Mitchell county conveying the property to appellee.

Appellant claimed through a sale made on the sixth day of June, 1882, under an order of sale issued on a judgment rendered by the district court of Mitchell county on the tenth day of March, 1882, in the case of Schneider & Davis v. J. M. Cupp & Company, decreeing a foreclosure of an attachment lien in favor of said plaintiff on the property in controversy, and deed from the sheriff of Mitchell county to Jeremiah Riordan, who was the husband of appellant, Josephine, and the father of the other appellants. Jeremiah Riordan went into possession of the property a few days after his purchase, and afterward died.

Twenty-one writs of attachment against Cupp & Company, including the two involved in this suit, were placed in the hands of Krause, deputy sheriff of Mitchell county, within a few days of the same time, and were by him numbered from one to twenty-one, in the order he received them. The writ under which appellee claimed was numbered eight, and the writ under which appellants claim was numbered twelve. Writ number eight was issued out of the district court of Tarrant county, on February 10, 1882, and placed in the hands of the officers very early in the morning of February 12, 1882, with instructions from the attorney for plaintiff to levy it upon the stock of merchandise and the lots in controversy, which were then owned by and in the possession of Cupp & Company. The officer went with the attorney into the store house upon the lots in controversy, and there publicly declared in the presence of several witnesses that he levied the writ upon the stock of merchandise and the lots in controversy. The attorney proposed then to endorse the levy upon the writ, but the officer said he would get a correct de-

scription of the lots and endorse the levy on the writ. This writ was returnable to the spring term, 1882, and it appears from the sheriff's return endorsed upon it that it was levied upon the property in controversy, describing it as "lots sixteen and seventeen in block forty-one, in the town of Colorado, Mitchell county, Texas," on the day it was received by him, the twelfth of February, 1882, but it was not returned to the district court of Tarrant county until January 2, 1883.

Writ number twelve was issued out of the district court of Mitchell county on the fourteenth day of February, 1882, and placed in the hands of the officers on the same day, with instructions from the attorney for the plaintiffs to levy it upon the same property that he had been instructed to levy writ number eight upon.

No entry, or endorsement of levy, was made by the officer upon any of the writs of attachment against Cupp & Company, until about the twentieth of February, 1882, when R. H. Looney, Esq., who was of counsel for plaintiffs in writ number twelve, wrote the returns upon all the writs of attachment for the officer, in the order the writs were numbered, and the returns were signed by the officer. After endorsing upon writ number eight the levy upon the stock of merchandise, Looney added "also, store house and lots," by direction of the officer, without giving numbers of lots or block. The levy endorsed upon writ number twelve correctly described the property in controversy. In October, 1882, after the return day of writ number eight, but before it was returned, and after the deputy who made the levy and signed the return on the writ had gone out of office, R. C. Ware, sheriff of Mitchell county, at the request of attorneys for plaintiff in the writ, interlined in the levy and return upon the writ which had been written by Looney and signed by Krause, a full description of the property in controversy. After writ number eight was placed in the hands of the officer and before the return on it was amended by the sheriff in October, 1882, the attorneys for plaintiff wrote several letters to the sheriff, inquiring about the writ, but the sheriff did not find it until in October, when the attorneys for plaintiff went to Colorado and had the sheriff to search his office for the writ, when it was found, and the return amended by adding after the words "also store house and lots" the words "being lots sixteen and seventeen in block forty-one, in the town of Colorado, Mitchell county, Texas."

Jeremiah Riordan had actual notice in March, 1882, that writ

number eight had been levied on the property in controversy, being informed of the fact by one of the attorneys for the plaintiff in the writ. Schneider & Davis, plaintiffs in writ number twelve, both testified that they never heard of the levy of writ number eight upon the property.

On the trial, appellants introduced R. H. Looney, Esq., as a witness, and proved by him that he first saw the writ of attachment number eight in the hands of E. A. Krause, on the twentieth day of February, 1882, that Krause asked him to write the return upon the writ, and he did so, copying the return out of a book which the officer had, but there was no levy upon any real estate in the memorandum which he copied. After reciting the levy upon the stock of goods, the officer told him to write also a levy upon store house and lots, when he remarked that the memorandum did not recite a levy on the store house and lots, Krause then said, if he had not levied on the store house and lots, he would do so then, and at his request, Looney wrote the words: "Also store house and lots;" that he wrote all of the return except the words "the same being lots 16 and 17 in block 41 in the town of Colorado, Mitchell county, Texas," which is an interlineation, which was not in the return at the time Krause signed it.

On cross examination, this witness testified, that he wrote the return upon all of the writs of attachment against Cupp & Co. in the order in which the writs were numbered, that he was one of the attorneys for plaintiff in writ number twelve, that he never heard of the levy of writ number eight on the property until the officer told him to insert the levy in the return; that Krause did not give him any other description of the property than that he inserted in the return, which he supposed had reference to the store house and lots owned by Cupp & Co., in the town of Colorado, which were lots number sixteen and seventeen in block forty-one, that he knew Cupp & Co. did not own any other store house and lots in Mitchell county than the property in controversy; that he wrote the return on writ number twelve from his own knowledge of numbers of lots and block, that Krause did not tell him the description of the property, that the entry in Krause's memorandum book in reference to the levy of writ number twelve, did not show any more or fuller description of the premises than did the entry in reference to the levy number eight.

The testimony of this witness, elicited on cross examination,

was objected to by appellants upon the ground that "there were no allegations in appellee's pleading to authorize such evidence." The objection was overruled and appellants saved a bill of exception to the ruling.

*J. D. Martin,* for appellant: On his proposition, that the court erred in admitting the testimony of R. H. Looney on cross examination as to the date of the return on the Schneider & Davis attachment over the objections of defendants as shown by their bill of exception, because there was no allegation in plaintiff's pleading authorizing such testimony, cited McSween v. Yett, 60 Texas, 183; Shields v. Hunt, 45 Texas, 424, 426; Rivers v. Foote, 11 Texas, 671; Paul v. Perez, 7 Texas, 338.

The return of the officer upon a writ of attachment perfects, if it does not constitute, the levy of the writ, and the property must be described so as to indicate clearly what is intended to be effected by the levy, he cited Menley v. Zeigler, 23 Texas, 88; Hathaway v. Larraba, 27 Maine, 449; Drake on Attachments, section 237, 242; 19 Illinois, 440.

*Ball & McCart,* for appellees: On their proposition that plaintiff having in his supplemental petition entered a general denial and plea of not guilty to defendant's answer, and having in addition thereto specially pleaded that the writ under which he, plaintiff, claimed title, was levied prior to the writ under which defendant claimed title, had a right to prove said allegations under both pleas; and the evidence complained of was admissible, cited Revised Statutes, 1197, 4793; Altgelt v. Emilienburg, 64 Texas, 150; Willis & Bro. v. Hudson, 65 Texas, 694; Stevens & Andrews v. Gainesville National Bank, 62 Texas, 499; Oliver v. Chapman, 15 Texas, 403; Van Alstyne v. Bertrand, 15 Texas, 179; Wells v. Fairbanks, 5 Texas, 582; 1 Greenleaf on Evidence, sections 60, 61.

That the conclusions of law of the court below, viz: "That the act of E. A. Krause, deputy sheriff, Mitchell county, in going upon the premises February 12, 1882, and publicly proclaiming a levy upon the premises in controversy, was a valid and legal levy of the writ of attachment in favor of the City National Bank v. J. M. Cupp & Co.," embodied a correct proposition of law; the Statute in regard to the levy of executions on real estate, being merely cumulative and not exclusive, as to the manner of making a levy on real estate, they cited Revised

Statutes, sections 167, 2291; Barnard v. Russell, 19 Vermont, 334; Hancock v. Henderson, 45 Texas, 484; Howard v. North, 5 Texas, 307; Miller v. Alexander, 13 Texas, 503; Freeman on Executions, sections 280, 281; Drake on Attachments, sections 236, 237; Spiller v. Nye, 16 Ohio, 16; Bidwell v. Coleman, 11 Minnesota, 78; Duncan v. Matney, 29 Missouri, 368; McBurnie v. Overstreet, 8 B. Mon. (Ky.), 300,

That the second conclusion of law found by the court below, viz: "That the endorsement of the return and levy on the writ of attachment in favor of the City National Bank, as described in ninth and tenth findings of facts, was a valid and sufficient levy of said writ on the premises in the controversy, made prior to the levy of the writ in favor of Schneider & Davis," was the law applicable to the facts and was correct, they cited Stoddard v. McMahan, 35 Texas, 267; Fitch v. Boyer, 51 Texas, 345; Cavanaugh v. Peterson, 47 Texas, 205; Coffee v. Silvan, 15 Texas, 354; Howard v. North, 5 Texas, 307; Riddle v. Bush, 27 Texas, 675; City National Bank v. Cupp & Co., 59 Texas, 268; Freeman on Executions, section 281; Taylor v. Mixter, 11 Pickering, 341; Crosby v. Allen, 5 Maine, 453; Whitaker v. Sumner, 9 Pickering, 308; Moore v. Kidder, 55 New Hampshire, 488.

ACKER, JUDGE. It is provided by our Revised Statutes that "the writ of attachment shall be levied in the same manner as is or may be the writ of execution." (Article 167.) It is further provided that "in order to make a levy on real estate, it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to indorse such levy upon the writ." (Article 2291.)

In Sanger Brothers v. Trammell, 66 Texas, 361, it is said: "This is but declaratory of what the law was previous to the adoption of the Revised Statutes. (Hancock v. Henderson, 45 Texas, 479.) Neither the statutes nor the decisions of this State have recognized any other method except this of making a levy upon land; and, without some statutory provision, the mode adopted in Texas seems to not only be the proper, but the necessary method of making the levy. (Drake on Attachments, section 236.) Whatever other acts may be performed by the sheriff in making the levy, the indorsement upon the execution or attachment must take place before the levy is complete. All other steps are unnecessary, and none of them by force of our laws, can give validity to a levy unaccompanied by an indorsement.

Hence, from the time of making the indorsement must be dated the lien acquired upon the property."

We therefore conclude that the court erred in its finding that the act of an officer in going upon the premises on the morning of the twelfth of February, 1882, and there declaring that he levied the writ under which appellee claims upon the property in controversy, constituted a valid levy. But is this such error as requires, under the facts of this case, a reversal of the judgment below? We think not; for it conclusively appears from the evidence that the levy was indorsed upon the writ under which appellee claims, prior to the indorsement of the levy upon the writ under which appellant claims.

It is insisted by appellant that the levy upon the writ under which appellee claims, is void, for want of sufficient description of the property, the description given at the time the levy was indorsed upon the writ and signed by the officer being: "Also, store house and lots." Without deciding that this description would be sufficient generally, or in any other case, we hold that, under the facts of this case, it accomplished all that the most specific description could have done, so far as the interest of appellants is concerned. It is conclusively proven that Looney, who, at the time he wrote the indorsements upon the writs, was attorney for Schneider & Davis, plaintiffs in the writ under which appellant claims, knew that the officer intended the levy to apply to the property in controversy. His clients were as much bound by this knowledge of his as they would have been had the fact been communicated to them personally. (Givens v. Taylor, 6 Texas, 315; Van Hook v. Walton, 28 Texas, 72; Catlin v. Bennett, 47 Texas, 171; Harrington v. United States, 11 Wallace, 356; Story on Agency, sections 24, 140; 1 Story's Equity Jurisprudence, section 408, and note.)

It clearly appears from the evidence that one of the attorneys for plaintiff in the writ under which appellee claims, gave Jeremiah Riordan actual notice in March, before he purchased in June, that the writ under which appellee claims had been levied on the property. We think, therefore, that the court did not err in finding that Riordan was not an innocent purchaser.

Appellants contend that the court erred in overruling their objection to the testimony of the witness Looney, given on cross examination, "because there were no allegations in appellee's pleadings to authorize such evidence." The witness was introduced by appellant, and had testified to having written the

levy and return on the writ under which appellee claims, and that there was no description given of the property in the levy at the time it was signed by the officer, other than "store house and lots." Appellee had alleged in his supplemental petition, that plaintiff in the writ under which appellant claims had notice of the prior levy of the writ under which appellee claims, and that Jeremiah Riordan had notice. The testimony was admissible under the allegations in explanation of qualification of statements made by the witness on his direct examination, as it was also for the purpose of proving notice upon clients of the witness. (Givens v. Taylor, 6 Texas, 321, and authorities, supra.)

It is insisted by appellant, that the laches of plaintiff in the writ under which appellee claims, in failing to have it returned until January, 1883, was a forfeiture of the levy as to appellant. It appears that the attorneys for plaintiff in the writ made repeated efforts to have it returned by the sheriff of Mitchell county, and in a contest upon that issue between the plaintiff and defendant in that writ, this court held that the lien was not lost. (City Bank v. Cupp, 59 Texas, 268.) The plaintiffs in the writ under which appellant claims, and Riordan, the purchaser thereunder, both had notice of the prior levy of the writ under which appellee claims, and we conclude that the lien was not forfeited.

We find no error in the record that we think requires reversal, and it our opinion that the judgment of the district court should be affirmed.

*Affirmed.*

Opinion adopted November 18, 1887.