# SIMPSON *v.* MINNIX.

APPEALS; EXCEPTIONS; SCIRE FACIAS; JUDGMENTS, REVIVAL OF; ATTACH-
MENT AND GARNISHMENT; WRITS; BANKRUPTCY.

1. Where a demurrer to a plea in abatement to a scire facias is overruled
and the defendant does not reserve an exception, an assignment
of error based upon such action of the court will not be considered.

2. The common-law rule that a scire facias can only be issued, after
ten years from the date of the judgment, upon a motion and affi-
davit that the judgment has not been paid, is abrogated by D. C.
Code, secs. 1212 to 1215 inclusive (31 Stat. at L. 1381, chap. 854),
fixing twelve years as the life of a judgment, during which time a
scire facias may be issued by the creditor to revive it, by merely
filing a præcipe with the clerk. (Citing *Starkweather* v. *West End
Nat. Bank,* 21 App. D. C. 282.)

3. Failure by a judgment creditor to join issue on the answers of gar-
nishees to the interrogatories contained in a writ of attachment is-
sued on the judgment will not preclude the issuance of a scire facias
to revive the judgment, when the time within which to join issue
on such answers has long since expired. Under such circumstances
the writ of attachment will be deemed to have been abandoned.
(Distinguishing *Meloy* v. *Keenan,* 17 App. D. C. 235.)

4. In the absence of a statutory limitation, an attachment return must
be made within a reasonable time, or it will be held to be discon-
tinued; and where almost eleven years have elapsed since the filing
of answers by garnishees to interrogatories in a writ of attachment,
without joinder of issue thereon by the attaching creditor, the writ
will be deemed to have been abandoned.

5. Bankruptcy is a personal defense which a defendant may interpose
to a writ of scire facias to revive a judgment, and when properly
interposed it is the duty of the court to discharge the defendant;
and where such a writ is issued against two judgment defendants,
and one pleads his bankruptcy and is discharged, the judgment may
be revived as against the other, and a judgment of fiat entered against
him.

No. 1817.   Submitted February 18, 1908.   Decided March 10, 1908.

HEARING on an appeal by one of two defendants from a judgment of fiat of the Supreme Court of the District of Columbia, on a writ of sci. fa. to revive a judgment.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of fiat entered in the supreme court of the District of Columbia against appellant, Henry K. Simpson, and in favor of appellee, William S. Minnix.   On June 14, 1895, the appellee recovered a judgment against the appellant and one Charles B. Fonda.   On July 5, 1895, a writ of fieri facias was issued, which was returned *nulla bona.*   On the same day a writ of attachment was issued with interrogatories addressed to the Capital Trust Company and the People's Fire Insurance Company, to which the said garnishees answered, denying any indebtedness to either of said defendants.   On March 19, 1907, a writ of scire facias was issued and served upon both defendants for the purpose of reviving said judgment.   The defendant Fonda filed a plea alleging, among other things, that, on February 25, 1904, he had been adjudged a bankrupt, and thereafter, on April 20, 1904, had been duly discharged from all debts provable under the bankrupcty act, including the judgment here in question. The facts set forth in this plea were admitted by appellee, and judgment rendered therein in favor of the defendant Fonda. On April 11, 1907, counsel for appellant filed two pleas in abatement, to which appellee demurred.   The court sustained the demurrer, to which ruling appellant did not reserve any exception.   The court, however, granted appellant leave to plead in bar.   Within the time allowed, appellant filed two pleas. The first plea, which challenges the existence of any such record as alleged, was not supported by an affidavit, as required by the rules of court, and was not sustained.   The second plea alleges "that heretofore, to wit, on the 25th day of February, 1904, his codefendant, Charles B. Fonda, filed in this court his petition in bankruptcy, No. 328, asking to be discharged of his debts as of that date, and was on said day adjudged by this

court a bankrupt; that the plaintiff was named as one of the creditors and had actual notice, and through his attorney appeared at the first and only meeting of the creditors; and that such proceedings were had in said bankruptcy cause as that the said Fonda was duly discharged on April 20, 1904, from all debts provable under the bankruptcy act, and plaintiff's judgment was so provable. And so this defendant says that the said judgment sought to be revived in this cause cannot be revived against the said Fonda, and therefore cannot be revived against this defendant." The affidavit of appellant in support of said plea, in addition to referring to the bankruptcy proceedings aforesaid, sets forth "that there was no motion made to the court for the issuance of the scire facias, and no affidavit filed stating that the judgment had not been paid, notwithstanding the fact that more than ten years had elapsed since the judgment and before the issuance of the scire facias, and that, at the time the scire facias issued, there was still pending and undetermined a certain writ of attachment for the enforcement of the judgment summoning as garnishees the People's Fire Insurance Company and the Capital Trust Company, two corporations, to which the said garnishees had made answer, and the plaintiff had never joined issue on said answers, and had not, and never has, discontinued said attachment, nor has the same in any way been disposed of." Appellant comes to this court upon the following assignment of errors: "(1) The court erred in sustaining the demurrer to appellant's plea in abatement; (2) the court erred in granting fiat against the appellant; (3) especially in granting such fiat when the sci. fa., was dismissed as to his codefendant."


*Mr. O. B. Hallam* and *Mr. W. M. Hallam* for the appellant.


*Mr. J. A. Maedel* and *Mr. Milton Strasburger* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is unnecessary to consider the first assignment, inasmuch as plaintiff failed to reserve any exception to the order of the court sustaining the demurrer to said pleas. This reduces the consideration of the case, as contended for by appellant in his brief, to the following questions: "Whether it is necessary, after ten years, for plaintiff to make affidavit of nonpayment before he can have sci. fa.; whether he can maintain the writ when the answer of a garnishee in the nature of a plea of not guilty has been made and no further steps taken; whether fiat can be had against one of two joint judgment debtors when the sci. fa. is dismissed as to the other." It is contended by appellant that, since more than ten years had elapsed between the date of the judgment and the issuance of the writ of scire facias, the writ could only be issued upon motion and affidavit of nonpayment.

At common law, the writ of scire facias could only be issued, after ten years from the date of the judgment, upon a motion and an affidavit that the judgment had not been paid. It is insisted that this rule of the common law, having been adopted in Maryland, is still applicable in the District of Columbia. The Code of the District, sec. 1212 to 1215 inclusive [31 Stat. at L. 1381, chap. 854], provides that every common-law judgment shall be enforceable for twelve years, and that during the twelve years, for the purpose of reviving the judgment, a creditor may issue a writ of scire facias "upon which a fiat shall be issued," which shall extend the effect and operation of the judgment for a period of twelve years. Sec. 1078 of the Code provides: "At any time during the life of the original judgment the plaintiff may elect, instead of issuing execution thereon within the time allowed therefor, to issue a scire facias on the same, and obtain a new judgment as aforesaid." [31 Stat. at L. 1359, chap. 854]. We are of the opinion that these provisions completely abrogate the rule of the common law on the subject of the limitation and revival of judgments in the District of Columbia. Twelve years is fixed by statute as the life

of a judgment under our Code, and at any time during that period the writ of scire facias may be issued by the creditor for the revival of the judgment by merely filing a præcipe with the clerk. The law establishes no particular date when the presumption of payment arises, and inasmuch as every other vestige of the common-law rule has been swept away by the above provisions of the Code, there is no apparent reason for holding, in the absence of statute or rule of court to that effect, that after ten years an affidavit of nonpayment must be made. This court has held that satisfaction of the judgment, when not shown of record, is matter of defense in a proceeding by scire facias on a judgment. *Starkweather* v. *West End Nat. Bank,* 21 App. D. C. 282. Payment having been held a proper matter for defense in a proceeding by scire facias before or after ten years, it cannot consistently be insisted that nonpayment should affirmatively appear as a ground for the issuance of the writ.

It is also insisted by counsel for appellant that at common law two writs on the same judgment could not be in existence at the same time, and that, since the writ of attachment in the case at bar had not been returned, the writ of scire facias could not legally issue. Appellant relies upon the doctrine announced by this court in *Meloy* v. *Keenan,* 17 App. D. C. 235. In that case issue had been joined in a suit brought in the supreme court of the District in 1884. Nothing further was done by either party for fifteen years, when notice of trial was given, and the court, on motion, dismissed the suit for nonprosecution. The judgment of dismissal was reversed, the court saying: "There is no statute or rule of court having the force of a statute, requiring a cause to be brought to trial within a given period, under penalty of forfeiture of the right of further prosecution." But that is not this case. Here it was a writ of attachment directed to certain parties as garnishees. The parties promptly appeared and answered, and no issue was joined upon their answer. We think that, at the expiration of the time allowed within which to join issue on the return of the garnishees, the writ was abandoned and the action became discontinued.

It is generally held that, in the absence of a statutory limitation, an attachment return must be made within a reasonable time, or it will be held to be discontinued. In Wisconsin a delay of four months was held unreasonable, and the action became discontinued. *Hibbard* v. *Pettibone,* 8 Wis. 270. On the other hand, it was held in Kentucky that a failure for three months to make return could not be considered as an abandonment of the action. *Bourne* v. *Hocker,* 11 B. Mon. 23. In *Riordan* v. *Britton,* 69 Tex. 198, 5 Am. St. Rep. 37, 7 S. W. 50, it was held that a return eleven months after the writ was issued was allowable. In that case, however, the court required a showing of due diligence in procuring the return. In the case at bar, the writ of attachment had been outstanding for almost eleven years. The only reasonable holding that the law will permit is to the effect that the writ was abandoned and the action had become discontinued.

This brings us to a consideration of the third complaint of appellant, the discharge of the codefendant Fonda. It may be conceded that, in the absence of statutory authority, a writ of scire facias issued against one of two joint judgment debtors is void, but a different proposition is here presented. The writ in this case was issued against both of the defendants, and both appeared in court, represented by the same counsel, and separately joined issue. Fonda set up his discharge in bankruptcy, and upon that issue was discharged by the order of the court. Counsel no sooner secured his discharge than he attempted to use the court's action as a ground for the discharge of appellant. A failure to issue the writ against all the defendants is such an act as would be chargeable to the plaintiff or judgment creditor, but the discharge of one of the joint defendants after they have answered to the writ is by a judgment of the court. This, we think, is a most important distinction. While it is a general rule that a party must recover against all the defendants or none, there are some exceptions to this rule recognized by the law. It is generally held that when a defendant answering to the writ of scire facias pleads matter which goes to his personal discharge, or any matter which does not go to the writ

or to the nature of the writ, or pleads such matter as constitutes a bar to the action against himself only, and of which his co-defendants could not take advantage, such a defendant may be discharged and the judgment revived against the other defendant or defendants. *Coleman* v. *Edwards,* 2 Bibb, 595. Bankruptcy is a personal defense which a defendant may interpose to a writ of scire facias, and, when properly interposed, it is the duty of the court to discharge such defendant. Freeman, Executions, 320. The bankruptcy act of 1898, sec. 16, provides as follows: *"Codebtors of Bankrupts.*—a. The liability of a person who is a codebtor with or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt." [30 Stat. at L. 550, chap. 541, U. S. Comp. Stat. 1901, p. 3428.] Here is direct statutory authority for the action of the trial judge in refusing to sustain the plea of appellant. The supreme court of the District of Columbia not only has jurisdiction in bankruptcy proceedings, but derives its jurisdiction generally from Congress. Hence, the statute above quoted has binding force upon that court, and it would have been error for the court to have refused to obey its provisions.

There was no error in discharging the defendant Fonda, and entering a judgment of fiat against the appellant. . The judgment is affirmed, with costs, and it is so ordered. *Affirmed.*