## HOLT v. WICHITA COUNTY WATER IMPROVEMENT DIST. NO. 2.

### No. 1697—6211.

Commission of Appeals of Texas, Section A.

Oct. 4, 1933.

Sanders & Scott, of Amarillo, for plaintiff in error.

A. H. Britain and Britain & Cheek, all of Wichita Falls, for defendant in error.

CRITZ, Judge.

Originally Wichita county water improvement district No. 2 filed two suits for delinquent taxes against D. E. Holt and a number of other parties. The two suits were consolidated in the district court and tried as one. None of the parties made any objection to this. The trial, which was before the court, resulted in a judgment for the district and against the defendants foreclosing its alleged tax liens as against two tracts of land described in the petition. No personal judgment was rendered against Holt or any of the other defendants. On appeal by Holt, this judgment was affirmed by the Court of Civil Appeals. 48 S.W.(2d) 527. Holt brings error.

An examination of the statement of facts shows that the lands here involved, when originally included in the district, consisted of two acreage tracts, one containing 160 acres, and the other 112 acres. After such tracts were included in the district they were subdivided into lots; each such lot being given a number. One of the tracts was subdivided into 13 lots, and the other into 26. We presume these subdivisions were made a matter of record. It appears that Holt was the owner of the two above-mentioned orig-

370

inal acreage tracts, and all lots thereof at the time the suits were tried. A further examination of the statement of facts shows that after the above two acreage tracts were subdivided into lots, and for all of the tax years here involved, each separate lot was separately rendered and assessed for taxes. In this connection the tax rolls for each of such years show the amount of taxes against each of such lots separately. With the tax record in this condition the trial court rendered a judgment which established the amount of taxes, interest, penalties, and attorney's fees due as against each of the two original acreage tracts, and foreclosed the tax liens separately against each original acreage tract, treating each such original acreage tract as one tract. In other words, a blanket lien was foreclosed on the 160-acre tract for the taxes delinquent on all the separately rendered lots therein contained. The same was done as to the 112-acre tract.' There is nothing on the face of the judgment to show that the lots into which the original acreage tracts had been subdivided were separately rendered. It is necessary to go to the statement of facts to ascertain this.

When the case was tried in the district court Holt did not, by any direct pleading, contend that each lot stood for its own taxes, but when the judgment was rendered he duly excepted thereto and gave notice of appeal to the Court of Civil Appeals. Thereafter, in due time, he perfected his appeal to the Court of Civil Appeals. Also in due time, and in pursuance of such appeal, he filed with the district clerk his assignments of error. By such assignments, and by proper brief in the Court of Civil Appeals, Holt contended that the trial court erred in foreclosing blanket liens on the two original acreage tracts for each separately rendered lot therein contained. The Court of Civil Appeals overruled such assignments, and held that the district court judgment in the respect under discussion was not error. Holt assigned such ruling as error in his application for the writ.

The district contends that such assignments should be overruled, because (a) under the above record it was waived in the district court, and (b) because such judgment was a proper one. We think both these contentions should be overruled.

It is evident that this is a direct appeal and not a collateral attack on the district court judgment. The district was the plaintiff, and carried the burden in the trial court of establishing its right of recovery, as to the taxes, penalties, interest, and attorney's fees due, as well as the liens securing same. Holt filed a general demurrer and a general denial. Also when the judgment was rendered in the trial court, as above shown, Holt excepted thereto, and in due time filed his assignments of error, at-

tacking the judgment on the ground under discussion. We think the record we have recited presents no waiver of Holt's rights in the matter under discussion. Of course if this were a collateral attack an entirely different question would be presented. State Mortgage Corporation v. Ludwig (Tex. Sup.) 48 S.W.(2d) 950.

We think it is now the settled law of this state that under our Constitution and laws the tax lien against landed property attaches only to each separate tract or parcel of land for its own taxes. Richey v. Moor, 112 Tex. 493, 249 S. W. 172; State Mortgage Corporation v. Affleck, 51 S.W.(2d) 274 (Tex. Com. App. opinion approved); State Mortgage Corporation v. Ludwig (Tex. Sup.) 48 S.W.(2d) 950.

As shown by the statement we have made each lot contained in the two above-mentioned acreage tracts was rendered separately for its own taxes for each of the years here involved. It appears from the tax rolls offered in evidence that the district accepted such rendition, and carried each lot on its rolls for its own taxes. In this connection, as already stated, the rolls show the amount of taxes assessed against each separate lot. We think such a record shows, as a matter of law, that the tax liens should have been foreclosed as against each lot for its own taxes, and that the district was not entitled to blanket liens on all of the lots in each original acreage tract.

In connection with the above we recognize that there may be cases where equity would decree a blanket foreclosure of the tax liens on lots separately rendered, but we have no such case here. Also we recognize the rule that where two tracts of land are rendered for taxation in solido the tax lien may be foreclosed on such lots as rendered. State Mortgage Corporation v. Affleck, supra; State Mortgage Corporation v. Ludwig, supra.

We have carefully examined the other assignments presented in the application, and in our opinion the Court of Civil Appeals has correctly disposed of all of them.

Because of the error discussed, we recommend that the judgments of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court, with instructions to foreclose the tax lien on each separate lot for its own taxes, interest, penalties, and attorney's fees.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.