A. S. VICTORY ET AL V. THE STATE OF TEXAS.

No. 7682. Decided January 14, 1942.
Rehearing overruled February 11, 1942.
(158 S. W., 2d Series, 760.)

R. E. *Minton,* of Lufkin, for plaintiffs in error.

Where defendants have duly rendered their land for taxes in groups, the action of the assessor-collector and the board of equalization in combining all the tracts as one unit and assessing all in the name of one of the defendants with a lump sum value with no amount of taxes shown opposite each tract or acreage nor value of taxes against it, was not a valid assess-

ment, and the trial court was not justified in the taking the amount opposite one tract and distributing it among the other acreages. State v. Cage, 176 S. W. 928; State v. Farmer, 94 Texas 232, 59 S. W. 541; Richey v. Moor, 112 Texas 493, 249 S. W. 172.

*E. S. Pritchard, E. G. Aycock,* of Fort Worth, for defendant in error.

The assessment of two tracts as one tract did not invalidate the assessment. Republic Insurance Co. v. Highland Park Ind. Sch. Dist., 57 S. W. (2d) 627; State v. Hoffman, 109 Texas 133, 201 S. W. 653; Ward Co. v. Wintz, 69 S. W. (2d) 571.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

The State of Texas recovered judgment for the sum of $14,-168.01 taxes, penalties, interest and costs, and for foreclosure of tax liens against real property situated in Upshur County, belonging to A. S. Victory, Rose Victory and Birdie Victory Milliron. A. S. Victory et al appealed to the Court of Civil Appeals. The Court of Civil Appeals corrected, reformed and affirmed the judgment. 134 S. W. (2d) 477. Writ of error of Victory et al was granted by this court.

The taxes sought to be recovered were assessed against the fee and the one-eighth royalty interest for the years 1932, 1933, 1934, and 1935 and 1936, except the taxes assessed against the fee for the year 1932 were paid and hence not in dispute.

In 1932 A. S. Victory, Rose Dorothy Victory and Birdie Victory jointly rendered three tracts of land, 250 acres out of the E. A. J. Evans Survey, 150 acres out of said Evans Survey and 44.14 acres out of the J. M. Pineda Survey, excepting therefrom the one-eighth royalty interest upon the theory that the same was personalty. For the year 1933 A. S. Victory, Birdie Victory and Rose Dorothy Victory rendered two tracts, one of 250 acres out of the Evans Survey and one of 44.14 acres out of the Pineda Survey and Sidney and Rose Victory rendered one tract of 150 acres out of the Evans Survey. For the year 1934 the property was rendered in the same manner as it was rendered in 1933, except the rendition was made through Mr. R. E. Minton as agent for the owners. For the years 1935 and

1936 A. S. and Rose Victory separately rendered his or her undivided interest in five tracts, to-wit: 100, 50, 50 and 200 acres out of the E. A. J. Evans Survey and 44.14 acres out of the Pineda Survey. Birdie Victory Milliron rendered separately her undivided interest in three tracts of 200 and 50 acres out of the Evans Survey and 44.14 acres out of the Pineda Survey. In each of the years in dispute the board of equalization raised the value upon the property from that given by the owners. Other facts will be stated when necessary to an understanding of the questions raised.

■ The first assignment complains of the action of the lower courts in sustaining the taxes against the royalty interest for the year 1932 upon the theory of res judicata. In the prior suit plaintiffs in error brought an action in the district court of Upshur County (the same court in which the present suit was brought) against the taxing officials of Upshur County seeking to restrain the collection of taxes assessed against the royalty for the year 1932 and to thereafter restrain the assessment of such property° for taxes. The decision of the case involved the validity of the assessment of the royalty interest in land for the year 1932. The assessment was upheld. Victory et al v. Hinson, 71 S. W. (2d) 365, and 129 Texas 30, 102 S. W. (2d) 194. The trial court in the present case entertained the opinion that the prior suit was conclusive as to the validity of the tax assessment for the year 1932 upon the doctrine of res judicata even though the former judgment was not pleaded in bar of the instant suit. It is the established law of this State that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res judicata was interposed in the subsequent suit. Cochran County et al v. Boyd et al, 26 S. W. (2d) 364, (writ of error refused). It is also an accepted rule of law in this court that an appellate court cannot go to the record of another case for the purpose of ascertaining a *fact* not shown in the record of the case before it. Armendiaz v. Serna, 40 Texas 291. But an appellate court may go to its prior decisions for the law that is applicable to or determinative of the question of law under review. State v. Savage, 105 Texas 467, 151 S. W. 530. The validity of the assessment for the year 1932 having been sustained by this court, we may take judicial notice of that decision as being "applicable to and determinative of the question of law under review."

■ It is contended that the trial court abused his judicial discretion in allowing the State to file trial amendments. The first trial amendment reduced the amount of taxes, interest and penalties which the State sought to recover. The second trial amendment consolidated the first tract of 200 acres and the second tract of 50 acres into one tract of 250 acres out of the Evans Survey, according to the method used in rendering the property by the owners for the year 1932, 1933 and 1934, and consolidated the third tract of 100 acres and the fourth tract of 50 acres out of the Evans Survey and the one tract in accordance with the rendition made as above stated. The third trial amendment simply grouped the taxes, penalties, interest and costs claimed to be due against each of said tracts for the respective years. These amendments raise no additional issues in the cause and could not possibly result in any injury to planitiffs in error. The filing of a trial amendment is within the second discretion of the trial court and unless the trial court clearly abuses that discretion no reversible error is shown. Lipscomb v. Perry, 100 Texas 122, 96 S. W. 1069.

■ The contentions of plaintiffs in error as shown through the third assignment of error are submitted in two propositions. The first proposition relates to the assessment of the royalty interest for the year 1932. We have ruled that our prior decisions settled the validity of that assessment and for that reason we need not notice that phase of the case. The second proposition under the third assignment complains of the action of the lower courts in sustaining the taxes for the year 1933 because the tax assessor erroneously consolidated the 250 acre tract out of the Evans Survey belonging to Birdie, A. S. and Rose Victory with a tract of 150 acres out of the same survey belonging to A. S. and Rose Dorothy Victory and placed the property on the tax rolls in the name of J. T. Victory, (the deceased predecessor in title of the present owners). The property was assessed by the owners for the years 1932, 1933 and 1934 as above stated, and in addition to the above assessment Birdie, A. S. and Rose Dorothy Victory rendered 44.14 acres out of the J. M. Pineda Survey. All of the property was placed upon the rendered roll. The taxing officials, the commissioners court and the board of equalization considered the tracts in the process of assessing, valuating and equalizing the taxes as the tracts were described and rendered by the owners, the only irregularity appearing in the entire process being that such property was placed on the rolls as the property of J. T. Victory and not in the name of the true owners, and the acreage out of the

E. A. J. Evans Survey was listed on the rolls as 400 acres. Article 7171 of Vernon's Annotated Civil Statutes of 1925 is as follows:

"All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof."

■ Under the above quoted statute the erroneous listing of the property in the name of J. T. Victory as owner did not invalirefused) ; Tabor v. State, 38 Texas 235, 85 S. W. 835, (writ rerefused) ; Tabor v. State, 38 Texas 235, 85 S. W. 835, writ refused) ; Denman et al v. State, 85 S. W. (2d) 252. The owners, having rendered their property, could not be misled by the fact that it appeared upon the tax rolls in the name of J. T. Victory. Neither could they be injured in virtue of the tax assessor and collector having erroneously consolidated the 250 acre tract as rendered and the 150 acre tract as rendered, both out of the Evans Survey, into one tract of 400 acres. The taxing authorities separately valued and assessed the taxes upon the first tract of 250 acres out of the Evans Survey as such tract was rendered by its owners and separately valued and assessed the second tract of 150 acres out of the Evans Survey as it was rendered by the owners. The erroneous consolidation by the assessor and collector of the two tracts as rendered upon the tax rolls as one 400 acre tract could not have the legal effect of making the taxes due against one of the tracts and the lien securing the same extended to the other tract. Holt v. Wichita County Water Imp. Dist. No. 2, 63 S. W. (2d) 369. The owners of the respective tracts had the right to tender their just proportionate part of the taxes (which could have been easily ascertained by a simple mathematical calculation) to the tax collector, and it would have been his official duty to issue an official tax receipt. Richey v. Moor, 112 Texas 493, 249 S. W. 172.

It is insisted that the State was allowed foreclosure for taxes, interest, penalties and costs due against each of the three tracts of land when the foreclosure should have been for such amounts as was due against each of five tracts of land. The record shows the property to have been rendered by its owners, as above stated, in accordance with the method chosen by the State in seeking foreclosure of the tax liens. A property owner should not be heard to complain when the State, in a

foreclosure proceeding of its tax liens, uses the same description as that used by the owner in rendering the property for taxation. McMahan v. The State, 147 S. W. 714, (writ of error refused).

■ It is contended that the board of equalization had not jurisdiction to raise the valuation of the property owned by Rose Dorothy Victory for the years 1933 and 1934 because she failed to receive notice that the board intended to raise the value of her property. Article 7206 of Vernon's Annotated Civil Statutes of 1925 in part provides:

"5. Whenever said board shall find it their duty to raise the assessment of any person's property, they shall order the county clerk to give the person who rendered the same written notice that they desire to raise the value of the same. They shall cause the county clerk to give ten days written notice before their meeting by publication in some newspaper, but, if none is published in the county, then by posting a written or printed notice in each justice's precinct, one of which must be at the courthouse door."

Notice was mailed to and received by A. S. Victory for the year 1933. A. S. Victory rendered the property for that year as agent for all of the owners. Notice was mailed to the correct address of Rose Dorothy Victory for the year 1934. For the year 1933 A. S. Victory and Birdie Victory in person and by their agent appeared before the board of equalization and protested the raise in value. Mr. R. E. Minton rendered the property as agent for the owners for the year 1934. He was the agent of Rose Dorothy Victory in tax matters for all of the years involved. Mr. Minton appeared before the board of equalization for each of the years 1932 to 1936, inclusive. The notice mailed to A. S. Victory, who rendered the property for Rose Dorothy Victory for the year 1933 was sufficient to give the board jurisdiction. Particularly is this true when the agent appeared before the board of equalization. Graham v. Lasater, 26 S. W. 472. The notice given by the board to Rose Dorothy Victory for the year 1934 was in substantial compliance with the statute. True, she did not receive the notice because of her absence from the State, until after the meeting of the board was held. However, her exclusive tax agent, Mr. Minton, appeared before the board on behalf of A. S. Victory and Birdie Milliron and knew that the board of equalization was considering the valuations of property belonging to his principal, Rose Dorothy Victory. The

knowledge of the agent is imputed to the principal. Riordan v. Britton, 69 Texas 198, 7 S. W. 50, 5 Am. St. Rep. 37. The object of the statute is to give the property owner his "day in court" or the "right to be heard." We are of the opinion that under the facts of this case that Rose Dorothy Victory cannot be heard to say that she did not have notice of the proceeding and that she was denied the right to be heard.

It is insisted that the orders of the commissioners court for 1935 and 1936 are insufficient to levy taxes for said years. The order of the commissioners court for the year 1935 provides "that the following tax rates be levied." The order for 1936 provides "that the tax rate for the county is adopted and which rates are as follows." The order for 1935 is a valid tax levy. The order for 1936 is a sufficient tax levy under the authority of Cranfill Brothers Oil Co. v. The State, 54 S. W. (2d) 813, (writ of error refused). In that case of El Paso Court of Civil Appeals recognized that its holding was perhaps in conflict with its prior holding in the case of Purington v. Broughton, 158 S. W. 227, (writ refused). The action of this court in the refusal of the writ of error in the Cranfill case, with the apparent conflict noted in the opinion ,must be construed to be an approval of the holding in the Cranfill case and in effect a disapproval of the prior conflicting holding in the case of Purington v. Broughton, supra. It is argued that the orders do not show on their face to have been passed at a regular term of the court with all members of the commissioners court present as required by Article 2350, Vernon's Annotated Civil Statutes of 1925.

"All presumptions of law are in favor of the validity of the acts of the commissioners' court. Hannon v. Henson, 15 S. W. (2d) 579, 584, by the Commission of Appeals says:

" 'All presumptions must be indulged in favor of the authority of the court, to act at the time it did act, under the facts presented and under the circumstances shown'." Anderson v. Parsley, 37 S. W. (2d) 358, loc. cit. 362 (writ of error refused.)

The presumption of the validity of these orders has not been overcome by any proof that the same were not passed strictly in accordance with the cited article of the statute.

It is insisted that certified copies of the delinquent tax records were not admissible in evidence. Article 7326 of Vernon's Annotated Civil Statutes of 1925 in part provides:

"All delinquent tax records of said county in any county where such suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants in suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof. * * *"

Under the express provisions of the statutes this contention must be overruled.

The deputy tax assessor of Upshur County was permitted to testify to the tax rates and contents of the tax records of Upshur County with respect to the lands involved in this suit over the objection that the records were the best evidence. Certified copies of the records were introduced in evidence. The testimony was in effect calculations of the taxes, penalties and interest, based upon the tax rates, shown by the levies for the respective years to the value of the tracts of land as made by the board of equalization for the respective years and by a mathematical calculation aggregated the amounts of taxes, penalties and interest due against each tract. The facts upon which the caluculations were made being shown by the records theretofore properly introduced in evidence, no violation of the "best evidence rule" is presented. Especially is this true in the present case where the trial was before the court and the judgment was based upon facts shown by the tax records in evidence. In such a case, if there was error in receiving the evidence given by the deputy tax assessor, "the presumption obtains that the court founded his judgment on the competent testimony in the record." Wilcox v. Dillard, 3 S. W. (2d) 507, loc. cit. 513 (writ of error refused).

In a group of propositions it is contended that the lower courts erred in not rendering judgment for the taxes based upon the values given by the owners, which amounts were tendered into court because, first, the commissioners court of Upshur County, sitting as a board of equalization, acting together with other taxing officials of said county, agreed upon an unlawful scheme which had for its purpose the omission from the tax rolls taxable property situated within the county such as cash in bank, notes, credits, and oil payments. Secondly, the board of equalization denied these property owners due process of law in that the board heard evidence of the value of property at times when these property owners were not

present and considered the same against them without such evidence being reintroduced in their presence. It is contended that such actions of the board is a fraud on the rights of plaintiffs in error and results in a discrimination against them. There is an abundance of evidence in the record to show that no such illegal scheme existed and that no taxable property situated in the county was intentionally omitted from the tax rolls. In fact, the legal sufficiency of the evidence to sustain the alleged discrimination is seriously doubted on the authority of the case of City of Wichita Falls v. Taxman Refining Co., 74 S. W. (2d) 524 (writ of error refused). We do not decide that question for the reason that the trial court in the present case determined that no discrimination existed and therefore such question is not before us. According to the evidence in the record, the board of equalization for each of the years in question heard evidence of value of the property. As one witness testified: "We had open hearings before we would take up the individual property hearings, in which the basis as a whole for the field is discussed with the representatives of the various oil companies and the royalty owners and in each year we always arrived at a basis of comparison between the leases and the royalty which has been accepted with minor exceptions on individual property throughout the county for those years. Representatives of the companies owning working interests and agents such as Mr. Meredith, who represent both types, who understand it and make it their business and the basis that is agreeable to all parties have been arrived at. Then the board of equalization calls the individual property owners before them and any exceptions to the general rule are heard and deductions or additions, made as *the evidence may show.*" (Our italics).

■ It is not insisted in this case that the values placed upon the property by the board were more than the reasonable cash market values of the property at the material times in question. In fact, the evidence shows that the values fixed by the board were far below the reasonable cash market value of such property. The contest in the trial court was primarily based upon the alleged discrimination. No showing was made that the property in question was valued in excess of other property similarly situated. The commissioners court, sitting as a board of equalization, is a quasi-judicial body. Its powers and duties are enumerated by the statutes, Articles 7206, 7211 and 7212, Vernon's Annotated Civil Statutes of 1925, and is the method prescribed by the Legislature to carry out the constitutional provision that taxation shall be equal and uniform.

In order to set aside the findings of the board of equalization, it is necessary to show either that the board had not jurisdiction, Ward County v. Wentz, 69 S. W. (2d) 571, City of El Paso v. Howze, 248 S. W. 99, (writ of error refused) or that the board acted unlawfully to the prejudice of the complainant. Zachary v. City of Uvalde, 42 S. W. (2d) 417 (Com. App.). We have concluded that under the authorities cited and the facts of this case the findings of the board of equalization cannot be said to be violative of the rights of plaintiffs in error, and the judgment of the lower courts sustaining the taxes based upon the values fixed by the board of equalization must be sustained.

Finally, it is urged that the attorney bringing this suit on behalf of the State had not the authority to represent the State in the absence of allegations and proof that such attorney was the county attorney or that the county attorney was notified to bring the suit and had failed to do so within thirty days. It is observed that this objection was made for the first time in the Court of Civil Appeals. Article 320 of Vernon's Annotated Civil Statutes provides for the exclusive method of questioning the authority of an attorney to bring a suit. Bridges v. Samuelson et al, 73 Texas 522, 11 S. W. 539. The objection of the plaintiffs in error to the authority of the attorney bringing the suit on behalf of the State came too late.

The judgment of the Court of Civil Appeals, which corrected, reformed and affirmed the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court January 14, 1942.

Rehearing overruled February 11, 1942.