**ALLRIGHT, INC., Appellant,**

v.

**Dr. Jess C. GALBREATH, Appellee.**

**No. 514.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 7, 1971.

Rehearing Denied July 28, 1971.

Ben L. Aderholt, Tipton & Bishop, Houston, for appellant.

Gary E. Lee, Funderburk & Lee, Houston, for appellee.

BARRON, Justice.

On June 17, 1970, Dr. Jess C. Galbreath, as plaintiff, recovered a judgment in County Civil Court at Law No. 2, Harris County, Texas, against Allright, Inc., in cause No. 175,460. Plaintiff had sued "Allright Auto Parks, Inc." in the above suit, but the plaintiff moved during the trial for permission to file a trial amendment correcting the name of the defendant to Allright, Inc. Permission to file said trial amendment was granted by the trial court, the court having found that Allright Auto Parks, Inc. was a misnomer and that Allright, Inc. was properly before the court and was actually a party to the suit.

The defendant was not sued as Allright, Inc. in the above action but was sued and served with citation as Allright Auto Parks, Inc. The defendant above now claims here in a separate action that two corporations exist as above named, and that the judgment against Allright, Inc., not having been sued and served with citation in the first case, is a nullity and that the trial court erred in granting the trial amendment which allegedly brought another corporation into that case, Allright, Inc. The appellant here, Allright, Inc., did enter the case, however, in which judgment was rendered above, by filing a motion for a new trial. Such motion was overruled, and an attempted

appeal was dismissed by the First Court of Civil Appeals for want of jurisdiction. After failure timely to perfect its appeal from the judgment above, Allright, Inc., appellant here, filed its application for bill of review on November 18, 1970 in the present case, No. 186,668. On April 15, 1971, the relief sought by bill of review was denied by the trial court. Allright, Inc. has perfected appeal to this Court from the judgment of the trial court on the bill of review.

While appellant's petition or application for bill of review alleges that two separate and distinct corporations were here involved, and that the trial court abused its discretion in permitting the trial amendment in effect to bring in another corporation, appellant has brought forward no statement of facts or other proper records, admissions, or proof that its allegations are true and correct. Appellant made a motion in this Court, however, for leave to file the *trial record* in the original case, No. 175,460, to show the error of which it now complains. No motion, however, was made to bring forward for filing in this Court any statement of facts or other evidence in the bill of review proceeding, now on appeal. We denied appellant's motion to file the statement of facts in another and prior case. In Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763 (Tex.Com. App.), op. adopted, we find the following language:

"It is the established law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res adjudicata was interposed in the subsequent suit. Cochran County et al. v. Boyd et al., Tex. Civ.App., 26 S.W.2d 364, writ of error refused. It is also an accepted rule of law in this court that an appellate court

cannot go to the record of another case for the purpose of ascertaining a *fact not shown in the record of the case before it. * * *"

See also Norris Bros. v. Mattinson, 145 S.W.2d 204 (Tex.Civ.App.), no writ; Pridgen v. Denson, 220 S.W.2d 194 (Tex. Civ.App.), writ dismd.

■ The rule is that if the intended defendant is sued under an incorrect name, a judgment will be valid after service on defendant under the misnomer, even though defendant has a name that is different. But the rule is the opposite when two separate persons or corporations are involved, such as the two claimed separate entities of Allright, Inc. and Allright Auto Parks, Inc., as alleged by appellant. See Callan v. Bartlett Electric Cooperative, 423 S.W.2d 149, 155–156 (Tex.Civ.App.), writ ref., n. r. e.; West v. Johnson, 129 S.W.2d 811, 814–815 (Tex. Civ.App.), writ ref.

■ Since we have no statement of facts before us on the bill of review proceeding, now on appeal, we cannot, of course, determine what the true facts are, and we cannot apply the rule which results when the wrong party is sued without evidence. See and compare Krenek v. Epps Super Market No. 2, Inc., 377 S.W.2d 753, 756 (Tex.Civ.App.), no writ, and cases there cited. The burden of proof was on the appellant to prove its allegations in the case now on appeal. Flowers v. Steelcraft Corporation, 406 S.W.2d 199 (Tex.Sup.).

■ We therefore presume that the trial court did not abuse its discretion in allowing the trial amendment in the original case under the rule of misnomer. Two separate corporations with names as stated above have not been shown to exist under the record of this case.

The judgment of the trial court is affirmed.