Joel E. BARNETT, Appellant,

v.

Peter W. MAIDA et al., Appellees.

No. 7694.

Court of Civil Appeals of Texas, Beaumont.

April 24, 1975.

Rehearing Denied May 15, 1975.

Larry P. Peyton, Houston, for appellant.

James D. McNicholas, Beaumont, for appellees.

KEITH, Justice.

Plaintiff below appeals from an order of dismissal of his suit after the trial court had sustained a plea in abatement (which was in actuality a plea to the jurisdiction) which urged the plea of res judicata and estoppel by judgment. No evidence was offered on the hearing but the trial court took notice of certain prior proceedings in the same court in entering the order of dismissal.

Cause No. E–92301 upon the docket of the 172nd District Court of Jefferson County, Texas, was a suit brought by our present plaintiff, Barnett, against Maida and Moor, our present defendants, involving certain transactions relating to stock which plaintiff at one time owned in a corporation known as Stadium Center in Beaumont. In that case the trial court entered summary judgment for the defendant Maida on April 30, 1973, and for the defendant Moor on May 22, 1973.

The cause was duly appealed to this court where it bore No. 7533 and was, by this court, affirmed with an opinion bearing date of December 13, 1973. Barnett v. Maida, 503 S.W.2d 610 (Tex.Civ.App.— Beaumont 1973, writ ref'd n. r. e.). Barnett's motion for rehearing was overruled, without written opinion, on January 10, 1974. Barnett duly filed his application for writ of error on February 11, 1974, and it was docketed in the Supreme Court of Texas under No. B–4485. Thereafter, on May 22, 1974, the Supreme Court entered its order refusing the application with the notation, no reversible error, and said judgment became final on June 10, 1974.

The present suit, No. E–100186 upon the docket of the 172nd District Court of Jefferson County, Texas, was filed on May 2, 1974. It involved the same parties, both plaintiff and defendant, and the identical subject matter that had been involved in the prior litigation. In the present suit, the gravamen of the complaint is that on May 3, 1972, "Maida and Moor wrongfully conspired to have the corporation convert Barnett's stock by cancelling same and unlawfully appropriating same as treasury stock of the corporation, all to the benefit of Maida and Moor." Further allegations were to the effect that by reason

"of said wrongful conversion, Maida and Moor directly increased their equity ownership of Stadium Center, thereafter jointly owning one hundred per cent of the outstanding shares of Stadium Center." Plaintiff sought recovery of $250,000 for the alleged wrongful conversion of his stock and a like amount as exemplary damages.

■ At the outset of our discussion, we invoke the rule stated in *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760, 763 (1942):

> "It is the established law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res judicata was interposed in the subsequent suit."

*Accord:* Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276 (1961); McKenzie v. Frost, 448 S.W.2d 520, 523 (Tex.Civ.App. —El Paso 1969, writ ref'd n. r. e.); Allright, Inc. v. Galbreath, 469 S.W.2d 810, 811 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

■ The trial court took notice of its own records and there was no necessity for the tender of formal proof of the facts disclosed by the trial court's own files. Similarly, under the authorities noted above, we have taken notice of our own records involving the same case and parties. Point one is overruled.

■ The early case of *Foster v. Wells,* 4 Tex. 101, 104 (1849), recognized the rule that a judgment or decree of a court of competent jurisdiction was final as to the matters determined but extended it further by saying: " '[I]t is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided.' " This rule was quoted in the leading case on the subject, Freeman v.

McAninch, 87 Tex. 132, 27 S.W. 97, 99, 47 Am.St.Rep. 79 (1894), and is still valid. *Freeman,* supra, was cited by our Supreme Court recently in Ogletree v. Crates, 363 S.W.2d 431, 435 (Tex.1963), and Abbott Laboratories v. Gravis, 470 S.W.2d 639, 642 (Tex.1971).

■ Plaintiff seeks to avoid this rule by contending:

> "It must be remembered that the cause of action asserted by Barnett in the current litigation is separate and distinct from that asserted in the prior litigation, notwithstanding that the parties are the same and that some of the ancillary events giving rise to the cause of action are the same."

Further, plaintiff argues: "The primary thrust of this appeal is that this action arose from events that transpired on May 3, 1972. The operative facts which give rise to this cause of action were at no time plead nor considered in the prior litigation."

We pause to note that the date mentioned above (May 3, 1972) lacked only three days being one year *before* Maida's summary judgment was entered, while that for Moor was entered eleven months thereafter. If the present allegation amounts to the assertion of a cause of action, it is readily apparent that plaintiff should have asserted it in the prior proceeding. Abbott Laboratories v. Gravis, supra.

Plaintiff also seeks to avoid the bar of res judicata by arguing, in substance, that the "only cause of action available to Barnett under the record of the prior litigation was one for return of his stock," while the present cause of action is for conversion thereof. Again, we disagree. An examination of the pleadings in the prior suit discloses that conversion was pleaded; but, as reflected in our prior opinion, was not discussed since we placed our decision upon another ground.

In the prior suit, the trial court entered identical judgments for the two defendants: that the plaintiff, Barnett, "take nothing . . . and that the said defendant . . . go hence with his costs without day." Upon appeal, this Court, finding no error in the proceedings below, entered our judgment that "the judgment of the court below be in all things affirmed." After the refusal of the application for the writ of error, our judgment became final and was certified below for observance.

Plaintiff's contention that this court decided a different case from that now presented is without merit. The late Justice Norvell, while upon the San Antonio Court of Civil Appeals, in Chandler v. City of Corpus Christi, 272 S.W.2d 646, 648 (Tex.Civ.App.—San Antonio 1954, writ ref'd n. r. e.), addressed the question directly, saying:

"While it appears that the only specific point of law discussed by this Court in its opinion was one dealing with the question of the delivery of the deed, *the scope of operation of the judgment is not necessarily reflected by the opinion but rather by the judgment itself and the judgment roll.*" (emphasis supplied)

So it is here. While our *opinion* spoke to only one ground of recovery, our *judgment* affirmed a take nothing judgment entered by the trial court wherein the issue was presented by the pleadings.

In the present case the parties are identical, the subject matter of the litigation is the same. Our prior record, as well as the present record, demonstrates that the suit of Barnett to recover the stock, or its value, has been sought in each case. Points three and four are overruled. Benson v. Wanda Petroleum Company, 468 S.W.2d 361 (Tex.1971); Ogletree v. Crates, supra (363 S.W.2d 431, 435). We do not find it necessary to discuss plaintiff's second point relating to the plea of limitations.

Finding no error, the judgment of the trial court is

Affirmed.