**B. J. GIST et al., Appellants,**

v.

**STAMFORD HOSPITAL DISTRICT et al., Appellees.**

No. 4931.

Court of Civil Appeals of Texas, Eastland.

Sept. 2, 1976.

Rehearing Denied Oct. 14, 1976.

Frank Scarborough, Abilene, for appellants.

H. G. Andrews, Jr., Stamford, J. Shelby Sharpe, Fort Worth, Harry C. Green, Asst. Atty. Gen., Austin, for appellees.

ON MOTION FOR REHEARING

WALTER, Justice.

On July 22, 1976, we affirmed the judgment of the trial court.

B. J. Gist, Lem Ruark and Anita Harvey MacGregor filed their petition for a declaratory judgment complaining of the Stamford Hospital District and its Board of Directors, Sam Baize, A. C. Humphrey, A. J. Mills, Don Rose, Eugene Swenson, Eugene Watts, and Earl Smith, and the Attorney General of Texas seeking to have Senate Bill # 450, being Chapter 563 of the regular session of the 63rd Legislature authorizing the expansion of the Stamford Hospital District, declared null and void and unconstitutional under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. They also sought injunctive relief.

Defendants pleaded res judicata and contended *Stamford Hospital District v. Billy Vinson et al.*, 517 S.W.2d 358 (Tex.Civ.App.-Eastland 1974, writ ref. n. r. e.) is determinative of all issues pleaded by the plaintiffs. The court granted defendants' motion for summary judgment and plaintiffs have appealed.

Appellants contend the *Vinson* case is not res judicata because they were not parties to that suit and a United States constitutional question is involved in the case at bar. Appellants also contend the defendants failed to discharge their burden of

establishing by their summary judgment proof they were entitled to a judgment.

In their motion for summary judgment, defendants asserted the *Vinson* case, Cause No. 11757 in the District Court of Jones County, Texas, was res judicata. In paragraph one of their motion, they asserted:

".  .  . Defendants respectfully request that this Honorable Court take judicial notice of all of the records of proceedings in cause number 11757 filed in this Court."

In paragraph XII of their motion, they asserted:

"This Motion for Summary Judgment is based upon the pleadings of all parties and the depositions on file in this cause and all proceedings in cause number 11757 on the docket of this Court, and Defendants respectfully request this Court to take judicial notice of said pleadings and depositions."

 No certified copy of the judgment in the *Vinson* case appears in this record as summary judgment proof. The court could not take judicial notice of all the records and proceedings in Cause Number 11757 in a summary judgment case.

In *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961), the court said:

".  .  . We hold, however, that a compliance with Rule 166–A(e) required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58–68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166–A and were not entitled to a summary judgment."

Neither *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (1942) nor *Barnett v. Maida,* 523 S.W.2d 325 (Tex.Civ.App. - Beaumont 1975, writ ref. n. r. e.) were summary judgment cases. Defendant cites them as authority for the court's action in taking judicial notice of the records and proceedings in the *Vinson* case. It is our view the Supreme Court has held contrary to their contentions in *Gardner v. Martin.*

Our opinion and judgment of July 22, 1976, is withdrawn and this opinion is rendered in lieu thereof.

The motion for rehearing is granted and the judgment is reversed and the cause is remanded.