**S. B. SCHUSTER, Appellant,**

v.

**Leslie O. REID et ux., Appellees.**

**No. 12480.**

Court of Civil Appeals of Texas, Austin.

Dec. 8, 1976.

R. Douglas Muir, Eskew, Brady & Womack, Austin, for appellant.

No brief for appellees.

SHANNON, Justice.

Appellees, Leslie O. Reid and wife, Nancy, filed suit in the district court of San Saba County against S. B. Schuster, appellant, to quiet title to a tract of land. The district court granted appellees' motion for summary judgment. We will reverse the judgment and remand the cause.

Appellees pleaded that they held fee simple title to 5.32 acres of land in San Saba County which they occupied as their homestead. Appellees also alleged that appellant filed an abstract of judgment in the judgment records of San Saba County. The judgment was for $9,680 and was in favor of appellant against appellee, Leslie O. Reid. Appellees pleaded, in addition, that the judgment purported to fix a lien on the land, but that the lien was void and ineffective because the land was their homestead. Appellees averred that appellant's judgment was not one for purchase money of the land, for taxes owing on the land, or for work or materials used in constructing improvements to the land.

Appellees declared further that they entered into a contract for the sale of the land. The prospective purchaser's attorney listed appellant's judgment as an objection to the title of the land, and the purchaser refused to consummate the sale unless the cloud on the title was removed.

Summary judgment proof consisted of several affidavits. In their affidavits appellees swore to facts showing the value of the land and showing appellees occupied the land as their homestead. Appellees also swore to legal conclusions that appellant's judgment was ". . . neither for purchase money of the [land] nor for taxes owing on said property nor for work or materials used in constructing improvements to said real property." One affidavit was executed by the attorney who examined the title for the prospective purchaser of the land. The attorney stated that he discovered the judgment against Reid, that he advised his client the judgment constituted a cloud upon the title of the land, and

that he would require the cloud to be removed before he would approve title.

Appellees did not attach to or serve with the motion for summary judgment a verified or certified copy of appellant's judgment and abstract of judgment. Likewise, a copy of that judgment was not attached to appellees' petition as an exhibit.

As previously written, the district court entered a summary judgment in appellees' favor. The judgment provided that because the land was appellees' homestead, appellant's judgment was void and ineffective as a lien on the land.

Appellant claims, among other things, that the judgment should be reversed because the summary judgment record contains no copy of appellant's judgment or abstract of judgment. Appellant says that appellees' mere reference to the judgment and the abstract of judgment in their petition and in the affidavits does not comply with Tex.R.Civ.P. 166–A(e).

Texas R.Civ.P. 166–A(e) requires verified or certified copies of all papers or parts thereof referred to in an affidavit to be attached to or served with the motion for summary judgment.

In *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274, 276 (1961), the Court held:

"We hold, however, that a compliance with Rule 166–8(e) [*sic*] required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58–68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166–A and were not entitled to a summary judgment."

The rule in *Gardner v. Martin, supra,* has been observed and followed in later cases. *Boswell v. Handley,* 397 S.W.2d 213 (Tex. 1965); *Langdeau v. Dick,* 356 S.W.2d 945 (Tex.Civ.App.1962, writ ref'd n. r. e.); *Gist*
v. *Stamford Hospital District,* 541 S.W.2d 510 (Tex.Civ.App.1976, no writ).

It is true that appellant did not specially except to the affidavits on the basis that verified or certified copies of the judgment and abstract of judgment were not attached or served. The Supreme Court in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962), held that one must specially except or else waive complaint of his adversary's failure to comply with Rule 166–A(e) by not attaching or serving a verified or certified copy of the instrument. In *Youngstown,* however, the instrument referred to in the affidavit appeared in the summary judgment record as an attachment to the defendant's answer.

The case at bar presents a different situation from that presented in *Youngstown.* Here there was no attempted incorporation of the judgment or abstract of judgment by reference to copies of those instruments attached to a pleading in the summary judgment record. As noticed before, no copies of the judgment or abstract of judgment were attached to appellees' petition. Those papers simply were not in the record. *Boswell v. Handley, supra.*

In addition, appellees' conclusions in their affidavits concerning the contents and nature of appellant's judgment do not constitute competent evidence to support the summary judgment. *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702 (Tex.1972); *Crain v. Davis,* 417 S.W.2d 53 (Tex.1967).

Because appellees did not discharge their burden of showing that they were entitled to judgment as a matter of law, the summary judgment is reversed and the cause is remanded to the district court.

Reversed and Remanded.