Bob ARMSTRONG, Appellant,

v.

Edgar RICE et al., Appellees.

No. 8437.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 27, 1977.

Rehearing Denied Oct. 18, 1977.

John L. Hill, Atty. Gen., Austen H. Furse, Asst. Atty. Gen., Austin, for appellant.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellees.

RAY, Justice.

This is a summary judgment proceeding.

Appellees (plaintiffs), Edgar Rice, Sr., et al., brought this suit in the District Court of Marion County, Texas, against appellant (defendant), Bob Armstrong, Commissioner of the General Land Office of Texas, and O. W. Breland, seeking to cancel a grazing lease executed by the Commissioner to Breland on the ground that appellees owned the land covered by the lease and that the lease constituted a cloud on appellees' title. The trial court granted appellees' motion for summary judgment cancelling the lease. Appellant Armstrong has perfected his appeal and submits five points of error for our consideration.

The claim of ownership by the appellees to the land in question is based in part upon the resolution of boundary disputes by this court in *Thomas Jordan v. Skelly Oil Company*, 296 S.W.2d 279 (Tex.Civ.App.Texar-

kana 1956, writ ref'd n.r.e.) and *Breland v. Rice*, 477 S.W.2d 906 (Tex.Civ.App.Texarkana 1971, writ ref'd n.r.e.). The appellees made repeated references to these holdings in a third amended motion for summary judgment, which motion was granted by the trial court although no supporting affidavits were attached to the motion.

The parties have briefed every aspect of this case in detail. Further elaboration on the facts is, however, unnecessary for the disposition of this appeal. The merits of the appellees' claim cannot be reached.

■ The appellant correctly asserts that the failure of the appellees to attach any affidavits to their third amended motion for summary judgment results in an absence of evidence in support of the motion, and leaves an abundance of material fact issues to be determined by the trier of fact. Every fact alleged in the appellees' original petition and third amended motion for summary judgment was denied and controverted by the appellant.

■ Of primary importance is the dispute over the validity of the appellant's claim of right to these lands on the basis of this court's holdings in *Jordan* supra, and *Breland*, supra. The appellees' petition and motion for summary judgment do not establish a prima facie entitlement to recovery as a matter of law. Their references and conclusions concerning the contents and nature of prior judgments were not competent evidence to support a summary judgment where no copies of the former judgments or abstracts of the former judgments were attached. *Schuster v. Reid*, 544 S.W.2d 800 (Tex.Civ.App.Austin 1976 no writ).

■ It is evident from the transcript of this suit that sworn copies of the prior judgments and of other instruments were affixed to a *prior* motion for summary judgment. All papers referred to in an affidavit in support of a motion for summary judgment must, however, "be attached thereto or served therewith." Tex.R.Civ.P. 166–A(e). Documents which had been attached to an original motion for summary

judgment, but none of which were attached to an amended motion were not entitled to consideration in ruling on the amended motion. *Gillam v. Sullivan*, 352 S.W.2d 507 (Tex.Civ.App.Fort Worth 1961, writ ref'd n.r.e.). The prior motion was supplanted in all regards, no longer to be considered as part of the record of the cause. Tex.R. Civ.P. 65.

The appellees correctly point out that even in the absence of affidavits, the court may consider in support of the motion for summary judgment not only the pleadings, but also all matters of which the court takes judicial notice. 4 McDonald's Texas Civil Practice, Sec. 17.26.5, p. 142. The appellees would seek to take advantage of the rule of *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763 (1942), wherein it is stated:

"It is the established law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res adjudicata was interposed in the subsequent suit."

See *Barnett v. Maida*, 523 S.W.2d 325 (Tex. Civ.App.Beaumont 1975, writ ref'd n.r.e.); 1 McCormick & Ray, Texas Law of Evidence, Sec. 186, p. 206.

The instant case has had a similar history to the prior *Jordan* and *Breland* actions. All were instituted in the 76th District Court of Marion County and appealed to this Court. It can be presumed without being decided that were the instant case not governed by the peculiar requirements of Rule 166–A, this Court and the trial court might have taken judicial knowledge of their own judgments for possible application to the case at bar.

Such procedure has been specifically repudiated by the courts of this state in summary judgment cases. The leading case is *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961). The movant there asked for summary judgment based on the doctrine

of res judicata, referring to a previous judgment in the same court. The records of that previous case were not on file nor before the court in the new action, however, and the Supreme Court found that no proof was available to support the granting of a summary judgment. See also *In Re Estate of Pettengill*, 508 S.W.2d 463, 465 (Tex.Civ. App.Amarillo 1974, writ ref'd n.r.e.).

A similar conclusion was reached in *Langdeau v. Dick*, 356 S.W.2d 945 (Tex.Civ. App.Austin 1962, writ ref'd n.r.e.). There an affidavit in support of a motion for summary judgment made reference to matters asserted to be within the judicial knowledge of the court by referring to other matters pending before it. *Gardner v. Martin*, supra, was said to render null an affidavit making reference to such instruments that were not affixed.

In *Gist v. Stamford Hospital District*, 541 S.W.2d 510 (Tex.Civ.App.Eastland 1976, writ ref'd n.r.e.), the court, citing *Gardner v. Martin*, refused to take judicial notice of the res judicata effect of one of its prior holdings in an action for summary judgment. *Victory v. State*, supra, and *Barnett v. Maida*, supra, to the contrary were specifically distinguished as not involving actions for summary judgment.

■ Although the instant case deals with the doctrine of stare decisis rather than res judicata, this distinction is not material. The failure to attach certified copies of the documents relied upon to the motion or affidavit in support of the summary judgment must be viewed as a fatal omission. *Texas National Corporation v. United*, 493 S.W.2d 738 (Tex.1973); *Jackson v. Randall*, 544 S.W.2d 439 (Tex.Civ.App.Texarkana 1976, no writ).

■ It is apparent from the briefs of the parties that the unreached issue of the application of the doctrine of stare decisis in a summary judgment action involving a boundary dispute is factually complex. A heavy burden of proof of identity of fact situations is on the party who would take advantage of the doctrine. See generally 34 Tex.Jur.2d, Judgments, Sec. 452; *Atch-ley v. Superior Oil Company*, 482 S.W.2d 883 (Tex.Civ.App.Beaumont 1972, writ ref'd n.r.e.); *Swilley v. McCain*, 374 S.W.2d 871 (Tex.1964); *Shield v. Shield*, 286 S.W.2d 252 (Tex.Civ.App.El Paso 1955, writ ref'd n.r.e.).

■ In *Jordan* and *Breland* this Court decided that Big Cypress Bayou was the south boundary line of the Clark Simmons Survey and the B. F. Lynn Survey in Marion County. When properly raised these decisions are stare decisis involving the south boundary lines of these two surveys. It may be observed that the identity of facts in the present case to those in *Breland* and *Jordan* is less than obvious.

This matter is, however, not presently before this Court. Reversal of the present action is dictated by the absence of competent evidence in support of the motion for summary judgment.

■ The appellant's remaining points of error have been considered and are found to be without merit. In appellant's second point of error the complaint is made that appellees failed to plead the statutory authorization for their suit against the State Land Commissioner. This omission may have caused frustration to the appellant, but it is hardly reversible error. Although a pleading does not invoke the law that is deemed to be applicable to the case made, the court will notice and apply the proper rule. 45 Tex.Jur.2d, Pleading, Sec. 24, pp. 403–404. No harm is done in failing to plead the law. *Longhorn Trucks v. Bailes*, 225 S.W.2d 642, 644 (Tex.Civ.App.Austin 1949, mandamus overruled).

■ Appellant's third point of error asserts that this action must not only be reversed, but dismissed for failure of counsel for appellees to show his authority to bring this action. Appellant made known to the trial court through sworn motion his belief that the instant suit was instituted against him without authority. The burden of proof was then placed upon counsel for the appellees to show sufficient authority from the appellees to prosecute the cause. *Angelina County v. McFarland*, 374 S.W.2d 417 (Tex.1964); *Mobile Homes of America, Inc.*

*v. Easy Living,* 527 S.W.2d 847 (Tex.Civ. App.Fort Worth 1975, no writ); Tex.R. Civ.P. 12; 7 Tex.Jur.2d, Rev. Part 1, Attorneys at Law, Sec. 75.

Counsel for the appellees responded by filing sworn affidavits from three of the named appellees. The affiants stated that each had been authorized by his relatives to employ the counsel whose authority was in question.

The trial court overruled the motion to show authority in disposition of the case. The appellant now questions the sufficiency of the affidavit to establish appellees' counsel's authority to bring this particular suit in appellees' long legal battle over the land in question, or to represent all of the named appellees.

Each of the affidavits is worded differently. None employs great specificity in defining the scope of authority of counsel. Their cumulative effect, however, is indicative of some evidence of authority of counsel to prosecute the present action.

Counsel for the appellees was not required to establish his authority to represent all litigants so aligned. Any error in finding that he had authority to represent all, if indeed his authority was limited only to some, was not reversible. *Stanaland v. Traders & General Ins. Co.,* 145 Tex. 105, 195 S.W.2d 118 (1946).

The action of the trial court in overruling the motion to show authority is supported by the evidence and not against the great weight and preponderance of the evidence.

The judgment of the trial court is reversed and the case is remanded for further proceedings.

CORNELIUS, J., not participating.