**Bill GRIERSON, a/k/a William John Grierson, Appellant,**

v.

**Pat SREENAN, Appellee.**

No. 7987.

Court of Civil Appeals of Texas, Beaumont.

Nov. 3, 1977.

T. D. Sullivan, Houston, for appellant.
Robert W. Coleman, Dallas, for appellee.

DIES, Chief Justice.

Defendant Bill Grierson appeals from an order granting plaintiff Pat Sreenan's motion for summary judgment in a dispute involving title to a 1973 Cadillac convertible. Grierson complains that admissions by the Texas Highway Department, the original defendant, and affidavits from Sreenan and one of the original owners of the Cadillac were improperly used against him. We agree that these admissions and affida-

vits do not constitute adequate summary judgment proof to establish as a matter of law that there are no disputed issues of fact, and we consequently reverse and remand for trial.

Sreenan claims to have bought the Cadillac for cash on April 20, 1975, from the two original owners, Nancye K. Martin and Robert J. Smith, and at that time he acquired possession of the automobile and the original certificate of title. Grierson obtained his interest in the automobile in November 1975, under a certified copy of a certificate of title issued to Robert J. Smith in January 1975, though Grierson denied that he held an interest under a certified copy of a certificate of title. At no time prior to July 16, 1976, did Grierson actually have possession of the Cadillac.

On February 3, 1976, Sreenan applied to the Texas Highway Department for a new certificate of title, and attached to his application the original certificate of title allegedly acquired on April 20, 1975. The Texas Highway Department denied Sreenan's application because of Grierson's prior certificate of title on file. On May 13, 1976, Sreenan brought this suit against the Texas Highway Department, which interpled Grierson on July 6, 1976.

The Texas Highway Department responded to Sreenan's request for admissions on July 14, 1976, and admitted that Sreenan had included the original certificate of title in his application and that Grierson's certificate of title was a certified copy. On July 16, 1976, the Cadillac was removed from Sreenan's residence, allegedly by agents of Grierson. Sreenan amended his petition on July 20, 1976, to include Grierson as a defendant, and Grierson was served with citation on August 6, 1976.

The trial court granted Sreenan's request for a temporary restraining order against Grierson on July 20, 1976, and for a preliminary and temporary injunction on August 3, 1976. The court granted summary judgment in favor of Sreenan on October 21, 1976, awarding him title to the Cadillac, and permanently enjoining Grierson from interfering with Sreenan's possession and enjoyment of the automobile. Sreenan's motion for summary judgment was supported by affidavits by himself and Nancye K. Martin. Grierson subsequently filed this appeal.

■ The movant for summary judgment assumes the burden of proving that *"there is no genuine issue as to any material fact"* and that it is "entitled to a judgment as a matter of law." *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Mitchell v. Baker Hotel of Dallas, Inc.*, 528 S.W.2d 577 (Tex.1975). Answers to a request for admissions may only be used against the party making the admissions. Such admissions are hearsay and do not constitute legally admissible evidence with respect to other defendants. *Black v. Frank Paxton Lumber Co.*, 405 S.W.2d 412 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.); *Davis v. Coastal States Petrochemical Co.*, 405 S.W.2d 854 (Tex.Civ.App.—Houston 1966, no writ); *Bryant v. Kimmons*, 430 S.W.2d 73 (Tex.Civ.App.—Austin 1968, no writ). The Texas Highway Department was not authorized to make admissions against Grierson's interest, and the admissions will therefore not support Sreenan's summary judgment against Grierson.

*Tex.R.Civ.P. 166–A(e)* states that:
"Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . ."

In *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962), a supporting document was attached to a pleading, but not to the motion for summary judgment or to an affidavit supporting the motion. A supporting affidavit did attempt to incorporate the pleading and the document by reference. Our Supreme Court observed that the affidavit could have been excepted to, but held that the complaint that the document was unverified and uncertified should have been raised in the trial court, and not for the first time on appeal.

Pleadings, either sworn or unsworn, do not constitute acceptable summary judgment evidence. *Hidalgo v. Surety Savings and Loan Ass'n,* 462 S.W.2d 540 (Tex.1971). A motion for summary judgment should be supported by its own proof, attached to either the motion or to an affidavit supporting the motion. Documents attached to pleadings should not be incorporated by reference into the motion for summary judgment or supporting affidavit. *Texas Nat. Corp. v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex.1973).

An unverified document attached to pleadings (sworn or unsworn) does not constitute proper summary judgment evidence regardless of whether or not it is incorporated into the affidavit. Thus, the defect may be raised for the first time on appeal. *Boswell v. Handley,* 397 S.W.2d 213 (Tex.1965). The same result obtains when an affidavit refers to a document that is simply not in the record. *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961); *Schuster v. Reid,* 544 S.W.2d 800 (Tex.Civ. App.—Austin 1976, no writ).

In the present case, the affidavits of both Sreenan and Nancye K. Martin refer to an original certificate of title that was never put into evidence, even though it was in the hands of the Texas Highway Department and could easily have been introduced. Mere reference in the affidavits to the original certificate of title does not establish its existence or that Sreenan holds it, and consequently the summary judgment evidence does not establish as a matter of law that there are no disputed issues of fact.

REVERSED and REMANDED.