

# The Attorney General of Texas

July 8,1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-205

Re: Mechanics of increasing the assessment ratio to 100%.

Dear Mr. Wade:

You have inquired about the increase to 100 percent of the assessment ratio used to determine ad valorem property tax in Dallas County. You have already increased the assessment ratio to 100 percent for the current tax year. Section 26.02 of the Property Tax Code provides that all property shall be assessed at 100 percent of its appraised value as of January 1, 1981.

You first ask whether the commissioners court must convene as a Board of Equalization to adopt an order to increase the assessment ratio for the 1980 tax year. This question is currently in litigation, now pending before the San Antonio Court of Civil Appeals, styled Bexar County, Texas v. Connell Leasing Company, No. 16461. It is the policy of this office to decline to write on questions which are in litigation. See, e.g., Attorney General Opinion V-291 (1947); Letter Advisory No. 142 (1977). Therefore, we will not answer your first question.

You also ask whether the public hearing and adoption process required by article 7244c, V.T.C.S., must be scheduled so as to occur during a regular term. Article 2354, V.T.C.S., provides that "[n]o county tax shall be levied except at a regular term of the court, and when all members of said court are present." Article 2348, V.T.C.S., provides for regular terms of the commissioners court. Article 7244c, V.T.C.S., provides that a taxing unit may not adopt a tax rate that exceeds the previous year's rate by more than three percent until it has held a public hearing on the proposed increase. Sec. 2. This statute is applicable to counties. A tax levy is the legislative act which determines that a tax shall be laid and fixes the amount. Amaimo v. Carter, 212 S.W.2d 950 (Tex. Civ. App. — Beaumont 1948, writ ref'd n.r.e.). It has been held that an order fixing the tax rate constitutes a levy. Victory v. State, 158 S.W.2d 760 (Tex. 1942). Since fixing the tax rate is a necessary part of levying a tax, we believe it should be accomplished in regular session as required by article 2354, V.T.C.S. However we do not believe the public hearing required by article 7244c, V.T.C.S., must necessarily take place in regular session, as long as the adoption of the tax rate takes place in regular session within the time period following the hearing which article 7244c specifies.

## S U M M A R Y

The tax rate for ad valorem property tax must be adopted at a regular term of the commissioners court.  However, the hearing required by article 7244c, V.T.C.S., need not be held in regular session.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Myra McDaniel
Bruce Youngblood