**McDONALD et al. v. DENSON.**

No. 9601.

Court of Civil Appeals of Texas. Austin.

Jan. 22, 1947.

Rehearing Denied Feb. 12, 1947.

Maud Pridgen, pro. se.

Louis Scott Wilkerson, of Austin, for appellee.

BAUGH, Justice.

Appellee sued appellants for specific performance of a written contract between him and Alice P. McDonald, wherein the latter agreed to convey to appellee 100 acres of land in Travis County. Maud Pridgen was made a party under allegations that she claimed some interest in the lands involved. Appellants defended on the grounds: 1. That the description in the contract of the lands involved was so vague, indefinite and uncertain as to render the contract unenforcible; 2. That said contract was procured by the fraud and misrepresentation of appellee; and 3, in the alternative, mutual mistake of both parties to said contract as to the lands included in the contract. Trial was to a jury to whom was submitted only the issue

of fraud. They were unable to agree on said issue; and by agreement of the parties were discharged. Whether or not the parties then agreed to submit all such issues to the court is not shown. However, the court did thereupon grant appellee's motion for a judgment, and entered judgment accordingly; hence this appeal.

The decree of the court describes the lands in the exact language used in the contract; and appellants' first point is, in effect, that such description is so ambiguous that the lands cannot, even after a survey is made, be identified. That description was as follows: "The West one hundred (100) acres of a certain tract of land containing 177-3/4 acres, described by metes and bounds in deed from Charley Reuben Charles and wife, Mary Charles, to Henry F. McDonald and wife, Alice P. McDonald, dated February 26, 1945, and recorded in the Deed Records of Travis County, Texas, said land being out of the Santiago Del Valle Survey in Travis County, Texas, the land hereby sold being bounded on the North, West, and South by the North, West and South lines of said 177-3/4-acre tract and on the East by a due North-South line if such due North-South line does not cross either the tract sold to Neal Bothmer or the tract sold to U. N. Hensley, in either of which latter events, the East boundary of the tract sold hereby shall run in a due North-South direction to the points where it touches either of said tracts at which places such East boundary shall go around such tract or tracts, together with a perpetual unobstructed easement or right of way for road purposes for ingress and egress from the land hereby sold to the Austin-Lockhart Road in Travis County, Texas, said easement or right of way being fifty (50') feet in width and being bounded on the South by U. N. Hensley's North line and a projection thereof in a westerly direction to the property hereby vested in plaintiff, O. D. Denson."

This being a contract to sell specific lands, the adequacy of the description of such lands would be referable to the same rule applicable to a description in a deed. The test in such cases is whether the description given, with the aid of extrinsic evidence, is sufficient to locate the premises on the ground, either by the field notes given, if any, or by reference to other established and ascertainable boundaries. Maupin v. Chaney, 139 Tex. 426, 163 S.W. 2d 380; 14 Tex.Jur., §§ 201-203, pp. 988-993. And where a part of a larger tract is conveyed descriptions have been held to be sufficient which designated the acreage and located it on one side, or out of one corner, of a larger tract, whose boundaries are established, without prescribing either the length or course of the inside lines of the tract conveyed. See Woods v. Selby Oil & Gas Co., Tex.Civ.App., 2 S.W.2d 895; Id., Tex.Com.App., 12 S.W.2d 994; 16 Am. Jur., § 279, p. 596. In the instant case the acreage is definitely stated; the north, west and south lines of the larger tract out of which same is to be carved are established and the course of the inside or east line prescribed. The location on the ground of such east line can be fixed and made certain by computation of a surveyor, whether such line could be run north-south entirely across the 177-acre tract, without intersecting other tracts surveyed from the east line of the 177-acre tract or not. The fact that it might be difficult to do so in the event the Bothmer and Hensley tracts extended far enough to the west to require such north-south line to "go around such tract or tracts" and thus, in order to include a full 100 acres, fall farther east than it would otherwise, presents no insurmountable obstacle, and does not invalidate the contract.

At the request of appellants the trial court filed findings of fact and conclusions of law. Their second complaint is that the trial court erroneously concluded, as a matter of law, that "Whether the plaintiff (Denson) did or did not misrepresent the contents of the contract is immaterial."

While only Alice P. McDonald, who owned the legal title to said lands, signed said contract with Denson, her sister, Maud Pridgen, testified that she purchased and paid for the 177-acre tract, owned the equitable title, managed and controlled same, and conducted all negotiations with reference to the sale thereof. These negotiations with Denson extended over a peri-

od of about a year prior to the date of the contract of sale. She was thoroughly familiar with all of the 177-acre tract. It appears that a stream, known as Boggy Creek, flows from northwest to southeast across the 177-acre tract, at what point is not shown. Nor is it shown how much of said 177-acre tract lies east and how much west of said creek. No survey of the west 100-acre tract described in said contract was ever made; and there is no competent proof that if and when so made the east line of such 100-acre tract would cross Boggy Creek, and if so where or how many of said 100 acres, if any, would lie east of Boggy Creek. Appellee sought after appellants had refused to perform said contract and before filing this suit, to have said 100 acres surveyed, but appellant Maud Pridgen refused to permit the surveyor to make such survey. Appellee also filed a motion in this cause to have such survey made, which motion was resisted by appellants and denied by the trial court.

It further appears that in the original negotiations Denson was to purchase only the west 50 acres of said 177-acre tract at $50 per acre. He had his attorney prepare a contract covering only 50 acres. However before it was signed appellant Maud Pridgen proposed to increase it to 100 acres at the same price per acre. Whereupon the contract here involved was prepared and taken to appellants' home where Maud Pridgen read it, and at her request and instruction Mrs. Alice McDonald signed same. It is not controverted that Mrs. McDonald did not read it, but in signing it merely carried out Maud Pridgen's instructions. Nor is it contended that any misrepresentations were made by Denson to Mrs. McDonald to induce her to sign it. The complaint here is that Maud Pridgen agreed to sell to Denson only the land in said 177-acre survey west of Boggy Creek and that said creek was to constitute the east line of the land to be conveyed and that she advised Mrs. McDonald to sign said contract with that understanding. Denson, on the other hand, testified that nothing was said about Boggy Creek being a boundary line either before or at the time the contract was signed.

Mrs. McDonald testified that she did not claim to own said land, but that it belonged to her sister, Maud Pridgen, and that she acted for and under the instructions of her sister. That being true any information imparted by, or statements made by or to, Maud Pridgen would be binding on both. Appellant Maud Pridgen testified that she had a high school and business college education, had studied law many years, had a real estate dealer's license, had engaged in the sale of real estate, and was thoroughly familiar with location and boundaries of the 177-acre tract and with the course and location of Boggy Creek. There was nothing to show that she was not capable of understanding the provisions of said contract, which she admittedly read before advising Mrs. McDonald to sign it. No survey of the 100-acre tract having been made, she was in as good a position to estimate where the east line thereof would lie as was Denson. It is also a well-settled rule of law that all previous negotiations are presumed to be merged into the contract signed which cannot be varied by oral testimony, and is binding, absent fraud or mutual mistake in its procurement. No mention was made in said contract of Boggy Creek as the eastern boundary of said 100 acres. If such had been intended it could have readily been so stated in the contract. And if Denson had, as she testified, stated that such 100-acre tract would not extend eastward beyond Boggy Creek, under the circumstances, she was in as good a position to know whether or not that was true as he was. The contract did not so provide, and she read it. There was no misrepresentation as to its terms. Such terms being unambiguous, we fail to see where she could have been misled. Consequently the trial court was authorized to conclude that the statements which she testified that Denson made to her became immaterial and did not constitute any evidence of fraud.

Appellants' next contention is that where a contract is ambiguous or uncertain, the construction or interpretation placed upon it by the parties thereto is the best evidence of their intention. This is a correct statement of a settled rule of law; but

710

it is not applicable here. The contract, as we have above concluded, is not ambiguous, which renders such rule inapplicable; but Denson, after its execution, has at all times insisted on compliance with its terms as written. There is no evidence that at any time after its execution he has construed it as meaning that Boggy Creek, and not the line stated in said contract, should mark the eastern boundary line of the lands purchased by him; or that the acreage stated should be reduced in case the acreage in the 177-acre tract lying west of Boggy Creek should be found to be less than 100. Clearly the terms of said contract are not capable of any such construction.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.