## PRIDGEN et al. v. DENSON et al.

### No. 9790.

Court of Civil Appeals of Texas. Austin.
May 4, 1949.

Rehearing Denied April 27, 1949.

Maude Fitzallen Pridgen et al. of Austin (Mrs. Pridgen is not a licensed attorney, but she appeared in her own interest), for appellants.

Louis Scott Wilkerson and W. S. Lewis, both of Austin, for appellees.

GRAY, Justice.

In order that the issues involved and here presented may be understood, we deem it advisable to review the facts resulting in the filing of this suit.

On February 26, 1945, Henry F. McDonald and wife, Alice P. McDonald, purchased 177¾ acres of land out of the Santiago Del Valle Survey in Travis County, Texas, from Charley Reuben Charles and wife. As a part of the purchase price for said land, the purchasers executed a vendor's lien note for the principal sum of $7,900. This note and lien became the property of appellee, First Federal Savings and Loan Association of Austin (hereinafter called First Federal).

It appears Henry F. McDonald is deceased and that the legal title to the 177¾ acres of land was in appellants.

Appellants contracted to convey 100 acres of the 177¾-acre tract to appellee O. D. Denson. A controversy grew out of this contract which resulted in a law suit being filed, wherein specific performance of the contract was decreed in favor of appellee O. D. Denson. See McDonald v. Denson, Tex.Civ.App., 199 S.W.2d 707 (Er.Ref.N.R.E.).

On August 9, 1945, and while First Federal was the owner and holder of the above $7,900 note (hereinafter referred to as the McDonald note), appellants conveyed to U. N. Henslee and wife 15 acres out of the above 177¾-acre tract. As a part of the purchase price for this 15 acres of land, U. N. Henslee and wife executed a vendor's lien note for the principal sum of $6,500, payable to the order of appellant Alice P. McDonald, at the office of First Federal. (This note will be hereinafter referred to as the Henslee note.) The Henslee note was introduced in evidence, but the deed from appellants to U. N. Henslee and wife does not appear in the record.

It is not disputed that the Henslee note was in the possession of First Federal, and it is not disputed that First Federal was the owner and holder of the McDonald note at the date of its transfer, June 4, 1946, to appellee O. D. Denson, at which time the Henslee note was delivered to Denson on the theory that it was collateral security for the McDonald note.

As we understand appellants' pleadings and their brief, they say the transfer of the two notes by First Federal to O. D. Denson was fraudulent as to them and resulted in their damage. While much of appellants' pleadings and evidence is an attack on the contract with O. D. Denson for the sale of the 100 acres of land, such attack has been foreclosed against them. McDonald v. Denson, supra. As we view the record before us there was presented for determination by the trial court the question of whether or not First Federal was legally authorized to transfer the Henslee note to O. D. Denson, and whether or not appellants have suffered damage because of such transfer.

In appellants' first amended original petition they say:

"* * * defendant O. D. Denson connived with First Federal Savings & Loan Association of Austin, et al to procure a transfer to him of the $7900.00 note hereinabove mentioned and also secured at such time a transfer to him of a certain note executed by U. N. Hensley and wife dated August 9, 1945, which note is fully describ-ed in that certain deed recorded in Vol. 571, pp. 549–550, Deed Records of Travis County, Texas, which plaintiff Pridgen had caused to be pledged and deposited with defendant First Federal Savings & Loan Association of Austin, as and for additional security of the $7900.00 note hereinabove pleaded, and which note was so pledged and placed with First Federal Savings & Loan Association of Austin to secure to the said U. N. Hensley and wife the benefit of payment made by them upon their note which provided that payments made upon their said note likewise should be credited to the $7900.00 note hereinabove pleaded as being payable to the order of First Federal Savings & Loan Association of Austin."

And, again, that plaintiffs "have been damaged by reason of such wrongful transfer of the $7900.00 note together with the U. N. Hensley note which was on deposit with First Federal Savings & Loan Association et al as and for collateral and for the protection of the said U. N. Hensley and wife."

And in a pleading styled, "Plaintiffs' Amended Trial Pleadings," appellants say:

"Plaintiffs further charge The First Federal Savings and Loan Association with fraud and conspiracy, in collusion with O. D. Denson to sell him the McDonald note, as well as placing in the hands of O. D. Denson the $6500.00 Hensley note held by The First Savings and Loan Association, as collateral security, for Maude F. Pridgen, Trustee, which said Trustee has never been able to collect any of the money due on the $6500.00, * * *."

It does not appear that appellants deny that First Federal was the owner and holder, in due course, of the McDonald note, nor that the Henslee note was held by First Federal as collateral security for the McDonald note. The record shows the McDonald note is secured by a lien on the 100-acre Denson tract and, also, the Henslee 15-acre tract. The pleadings and the evidence, in our opinion, support the conclusion that the Henslee note was placed with First Federal as an assurance that payments made on it would be credited on the McDonald note.

A jury was impanelled but at the conclusion of the testimony, the trial court sustained appellees' motion for an instructed verdict and rendered judgment that appellants take nothing.

Appellants here assert the evidence was sufficient to support their allegations of fraud, and that the court erred in not submitting the issues of fraud and damage to the jury.

The written transfer of the McDonald note to O. D. Denson transfers the Henslee note as collateral security for said McDonald note. Appellees assert the deed to U. N. Henslee and wife provides this note shall be delivered to First Federal as additional and collateral security for the McDonald note. As above stated, this deed does not appear in the record, but appellees refer us to the statement of facts in, McDonald v. Denson, supra, where, they say, the deed is set out in full. "* * * an appellate court cannot go to the record of another case for the purpose of ascertaining a fact not shown in the record of the case before it." Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763. However, appellants say by their pleadings that the note was so held by First Federal, but say it was so transferred without their consent, which was a fraud on their rights and resulted in their damage.

First Federal is named payee in the McDonald note, and as such payee had authority to transfer it. The note itself expressly provides: "* * * that the payee, at its option, may sell, pledge, and assign this note, together with all liens securing its payment." If, as appellants plead, First Federal held the Henslee note as collateral security for the McDonald note, it passed to O. D. Denson along with the McDonald note 6 Tex.Jur., p. 675, Sec. 71, and O. D. Denson would be a holder in due course of the Henslee note to the extent of his lien. Art. 5933, Sec. 27, Vernon's Ann.Civ.St.

The two notes each provide they are payable in semiannual installments of $380. The Henslee note shows it is credited with these payments up to and including August 26, 1948. The evidence shows these payments have also been credited on the McDonald note. In fact, appellants do not say the two notes are not credited with all payments made.

Appellants admittedly owe the McDonald note and are payees of the Henslee note. Under the facts we do not think their allegation of damages is sustained, nor that any fraud as to their legal rights is shown. It is, therefore, our opinion that no issue of fact for determination by the jury was presented, and for which reason the trial court did not err in withdrawing the case from the jury and rendering judgment that appellants take nothing.

The judgment of the trial court is affirmed.

Affirmed.