Maude F. PRIDGEN et al., Appellants,

v.

O. D. DENSON et al., Appellees.

No. 10445.

Court of Civil Appeals of Texas.

Austin.

Jan. 9, 1957.

Rehearing Denied Jan. 30, 1957.

Maude F. Pridgen, Austin, pro se. Alice P. McDonald, Austin, pro se.

Ferguson & Ryan, Austin, for appellee.

HUGHES, Justice.

This suit is in the form of trespass to try title for the recovery of the title to and possession of the westerly 100 acres together with a 50-foot perpetual easement out of a certain 177¾ acre tract of land out of the Santiago Del Valle Grant in Travis County, described by metes and bounds in deed from Charley Reuben Charles et ux to Henry F. McDonald and wife, Alice P. McDonald, dated February 26, 1945, recorded in Vol. 749, p. 579, Travis County Deed Records. It was filed by appellants Maude F. Pridgen and Alice P. McDonald. They also sought $50,000 actual damages for "worry and humiliation" and $50,000 exemplary damages.

Appellees, defendants below, are O. D. Denson, J. E. Peck, Rex O. Kitchens and Merle Goodnight. All answered, the latter

two filing a cross action and a motion for summary judgment based principally upon a plea of res adjudicata. The motion was granted and the title to the property above mentioned was quieted in them. All other relief sought by any party was denied.

O. D. Denson conveyed the subject property to J. E. Peck who thereafter conveyed it to appellees Kitchens and Goodnight.

The motion for summary judgment to which appellants made no reply alleged that in two prior cases the title to this property had been adjudicated adversely to both appellants and adversely to Miss Pridgen in a third case. The cases and judgments referred to are, respectively, McDonald v. Denson, Tex.Civ.App.1947, 199 S.W.2d 707, writ ref. N.R.E.; Pridgen v. Denson, Tex.Civ.App., 220 S.W.2d 194, writ dism., both by this Court and the case of Maude F. Pridgen v. J. E. Peck, No. 101,-622, 53rd Judicial District, Travis County, in which final judgment was alleged to have been rendered July 20, 1955.

■■ Appellees offered no evidence in support of their motion for summary judgment. This was not necessary as both trial and appellate courts may take judicial notice of their own records in determining the effect of a former judgment upon the case at bar. Victory v. State, 138 Tex. 285, 158 S.W.2d 760, McKay v. Dunlap, Tex.Civ. App.San Antonio 244 S.W.2d 278, writ ref., N.R.E.

■ We have examined the record in the first case relied upon as res adjudicata and find that the judgment therein vested title in Denson to the land involved here as against both appellants subject only to the payment of $50, less court costs adjudged against appellants, as the remaining unpaid part of the purchase price. There is no showing that this was paid but the total purchase price being $5,000 we consider the unpaid ballance, if any, to be too trivial to notice here.

The second case relied on, 220 S.W.2d 194, insofar as the title to the land is concerned, merely affirmed the decision in the case discussed above.

As to the third judgment relied upon and from which there was no appeal we do not actually know what we judicially know because the judgment is not before us. If necessary we would require it to be sent up for our inspection. Rules 428–429, Texas Rules of Civil Procedure.

Since, in our opinion, the judgment in the first appealed case was sufficient to invest Denson with and divest appellants of all title to the land involved in this suit and since Kitchens and Goodnight have succeeded to Denson's title appellants have no title to this land unless, as they appear to claim, they have acquired some semblance of title subsequent to the judgment in that case.

■ This claim is based upon a release of a vendor's and deed of trust lien executed by O. D. Denson August 16, 1950, insofar as such liens covered the 100 acres in suit.

In 1945 when the McDonalds acquired the 177¾ acres a vendor's lien was retained by the seller to secure McDonalds' $7,900 purchase money note. This note and vendor's lien and later executed deed of trust lien was acquired by Denson. When Denson bought the 100 acres he paid for it, to the extent of $4,700, by crediting this $7,900 note and to evidence such credit he executed a release of the note in such an amount and a release of the liens on the 100 acres. This release created no rights in appellants. It merely released the lien on the 100 acres and reflected the $4,700 reduction in the McDonald note. Mrs. McDonald was only interested in the note credit. She did not own the note, the liens nor the 100 acres and was not injured or benefited by or concerned with the release as to such matters.

The judgment of the Trial Court is affirmed.