Trudy M. THOMAS, and Herb Sucherman, Temporary Guardian of the person and Estate of James E. Thomas, Deceased, Appellants,

v.

Lillian Thomas PRICE, Appellee.

No. 5546.

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1976.

Robert H. Osburn, Dallas, for appellants.

James R. Pitts, Waxahachie, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Trudy M. Thomas and Herb Sucherman from an order of the trial court denying appellants' motion to stay and transfer proceedings in a will probate case.

On July 16, 1975 the County Court of Ellis County admitted to probate the last will of James E. Thomas, deceased, and appointed the deceased's sister and principal beneficiary Lillian Thomas Price Administratrix with Will Annexed of the deceased's Estate.

On July 18, 1975 Herb Sucherman alleging himself temporary guardian of the person and estate of James E. Thomas, filed Motion to Stay, and Transfer such proceedings to Dallas County. Thereafter Sucherman was joined by Trudy M. Thomas, who alleged herself the common law wife and widow of deceased.

The grounds asserted for transfer of the cause to Dallas County were: 1) That the deceased's residence and domicile was in Dallas County; and 2) That prior "probate proceedings" had been instituted in Dallas County.

The trial court after hearing denied Appellants' Motion to Stay and Transfer Proceedings to Dallas County.

The trial court filed Findings of Fact summarized as follows:

### Findings of Fact

1) There is no evidence of a ceremonial marriage between James E. Thomas and Trudy M. Thomas.

2) James E. Thomas died in Rusk State Hospital June 29, 1975.

3) James E. Thomas was not a resident of Dallas County at the time of his death.

4) James E. Thomas was declared insane by the County Court of Ellis County on December 15, 1933.

5) James E. Thomas was a resident of Ellis County at the time he was declared insane.

6) The principal part of decedent's property lies in Ellis County.

7) James E. Thomas left a valid will dated December 8, 1917 which was probated in County Court of Ellis County leaving all his property to his sister Lillian Thomas Price, a resident of Ellis County.

8) An Administratrix with Will Annexed was appointed by the County Court, who resides in Ellis County, and transfer by the proceeding to Dallas County would not be in the convenience of the Administratrix.

9) James E. Thomas was convicted of a crime in Dallas County; hence a Temporary Guardianship was taken out in Dallas County.

10) A Motion to Stay and Transfer Proceedings was filed on July 18, 1975.

11) Convenience for moving the Estate from Ellis County has not been shown by anyone who is an heir or devisee of James E. Thomas, deceased.

The trial court rendered its judgment denying the Motion to Stay and Transfer Proceedings.

Appellants appeal on 20 points contending:

1) The trial court erred in denying appellants' Motion to Stay and Transfer Proceedings in that the Probate Court of Dallas County had priority of venue.

2) Dallas County was the deceased's domicile on the date of his death.

3) Probate proceedings were first commenced in Dallas County.

4) The trial court erred in finding deceased was declared insane by the County Court of Ellis County in 1933 as there is no evidence and insufficient evidence to support the finding, and a court cannot take judicial notice of proceedings in other cases or courts.

Section 6 of the Probate Code provides: "Venue for Probate of Wills and Administration of Estates of Decedents Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:

(a) In the county where the deceased resided, if he had a domicile or fixed place of residence in this State.

(b) If the deceased had no domicile or fixed place of residence in this State but died in this State, then either the county where his principal property was at the time of his death, or in the county where he died."

Section 8 provides "Concurrent Venue and Transfer of Proceedings (a) Concurrent Venue. When two or more courts have concurrent venue of an estate, the court in which application for probate proceedings thereon is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts * * * ".

"(c) Transfer of Proceeding (1) Transfer for Want of Venue. If it appears to the court at any time before the final decree that the proceeding was commenced in a court which did not have priority of venue over such proceeding, the court shall, on the application of any interested person, transfer the proceeding to the proper county * * *. (2) If it appears to the court at any time before the final decree that it would be for the best interest of the estate, the court, in its discretion, may order the proceeding transferred to the proper court in any other county in this State."

There is evidence deceased died in the Rusk State Hospital June 29, 1975. There is evidence that his domicile was and had always been Ellis County. There is evidence that his domicile had been in Dallas County since 1953. The trial court took judicial notice that deceased had been declared insane by the County Court of Ellis County on December 15, 1933. There was no evidence of any restoration. There is evidence that a Temporary Guardianship was taken out on deceased in Dallas County in 1973 for the purpose of getting a bill of review for deceased in a criminal matter; and that the temporary guardian never

came into possession of any property. There is evidence that more than 97% of deceased's property was in Ellis County, and that his sister and beneficiary under his will lives in Ellis County. Proceedings in probate of deceased's will administration of deceased's estate were first commenced in Ellis County.

The trial court was authorized under the record to find that deceased's domicile at death was Ellis County.

It is undisputed that deceased was domiciled in Ellis County in 1933 when he was adjudged insane. There is no evidence he was ever restored. Thus his domicile continued in Ellis County.

■ Appellants contend the trial court could not take judicial notice of its prior 1933 judgment declaring deceased insane. *It is established by the law of this state that courts may take judicial knowledge of their own records,* and all judgments rendered in cases involving the same subject matter and practically the same parties. *Cochran County v. Boyd,* Tex.Civ.App. (Amarillo) Er.Ref., 26 S.W.2d 364; *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760; *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274; *Pridgen v. Denson,* Tex.Civ.App. (Austin) NRE, 298 S.W.2d 276; *Barnett v. Maida,* Tex.Civ.App. (Beaumont) NRE, 523 S.W.2d 325.

All appellants' points and contentions have been considered and are overruled.

AFFIRMED.