Cyril J. SMITH, Jr., Appellant,

v.

Barbara Smith CHRISTLEY, Appellee.

No. A14–84–375CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 29, 1984.

Don M. Kennedy, Ladin, Engel, Kennedy & Margolin, Houston, for appellant.

Ben H. Schleider, Jr., Schleider & Francis, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a summary judgment in a probate case. Appellant, Cyril J. Smith, Jr., argues that: the trial court erred in finding him disqualified to serve as independent executor of the estate of his father, Cyril J. Smith, Sr.; the trial court erred in appointing his sister, Appellee, Barbara Smith Christley, as independent executrix of the estate; and the trial court abused its discretion in denying Appellant's motion for continuance. We affirm.

Cyril J. Smith, Sr., died testate on October 22, 1982. His will, dated June 10, 1980, named Appellant as independent executor and Appellee as alternate independent executrix. Appellee filed an application to have the June 10th will admitted to probate and have herself named as independent executrix of the estate of her father. Appel-

lant also filed an application to have the will and a later codicil admitted to probate. Appellant sought to be named independent executor of the estate. Christley opposed admitting the codicil to probate and contested Appellant's suitability to serve as executor.

Appellant, on November 11, 1983, was convicted of possession of a controlled substance and was sentenced to seven years in the penitentiary. Appellant is currently appealing that conviction.

On February 3, 1984, Appellee filed a motion for summary judgment in the probate court. In that motion, Christley sought to have the will admitted to probate; the codicil denied probate; Appellant disqualified to serve as executor due to the felony conviction; and herself named as independent executrix. In response to the motion, Appellant argued that he was not disqualified to serve as executor, his sister was not a suitable person to be independent executrix, and requested the court grant a continuance so that he could take Christley's deposition. On April 13, 1984, the probate court granted Appellee's motion for summary judgment. Appellant has properly and timely perfected his appeal in this court.

In point of error one, Appellant argues that the trial court erred in granting the summary judgment because he was not disqualified to serve as executor of the estate unless and until his appeal from the felony conviction was acted upon. Section 78 of the Probate Code provides in part:

No person is qualified to serve as an executor or administrator who is:

. . . . .

(c) A convicted felon, under the laws either of the United States or of any state or territory of the United States, or of the District of Columbia, unless such person has been duly pardoned, or his civil rights restored, in accordance with law ....

TEX.PROB. CODE ANN. § 78(c) (Vernon 1980).

Relying on a line of Texas criminal cases, Appellant argues that one is not a "convicted felon" or "convicted of a felony," if an appeal from the conviction is pending. *See Baker v. State*, 520 S.W.2d 782 (Tex.Crim. App.1975); *Carter v. State*, 510 S.W.2d 323 (Tex.Crim.App.1974). Those cases did not involve interpretation of the term "convicted felon" in relation to a person's qualification to serve as executor of an estate.

■ We believe that in determining whether a person is disqualified to serve as independent executor under § 78(c) of the Probate Code, the term "convicted felon" should include those persons convicted of a felony and sentenced by the district court regardless of whether the conviction is still pending appeal. By its very nature, the position of independent executor is not subject to extensive court supervision. The interests of the creditors of the estate, beneficiaries, and other third parties could be adversely affected if a person convicted of a felony were to serve as independent executor. The entire system of efficient settlement and distribution of decedents' estates could be jeopardized.

■ In addition, we believe that another section of the Probate Code supports this conclusion. An independent executor may be removed from that position when he is sentenced to the penitentiary. TEX.PROB. CODE ANN. § 149C(a)(5) (Vernon 1980). It would be illogical to say that a person appealing a felony conviction could be named independent executor but then removed because he or she had been sentenced to the penitentiary. Although Appellant's sentence has been suspended by the filing of an appeal bond, to name a person convicted of a felony as executor and then to remove that person if the appeal is unsuccessful would promote confusion and inefficiency in the administration of estates.

■ Appellant argues that this construction of the term "convicted felon" violates his constitutional rights to due process of law in two respects. Contrary to his assertions, we do not believe that this

decision has deprived Appellant of his right to appeal from his conviction. Also, even if we assume that Appellant's right to serve as independent executor is a constitutionally protected property right, Appellant has received procedural due process in that he was given a hearing in the probate court on his qualification to serve.

We hold that "convicted felon," as it is used in Probate Code § 78(c), includes a person who is appealing from a felony conviction. The trial court did not err in finding Appellant was disqualified to serve as independent executor. Point of error one is overruled.

The second point of error is that the trial court erred in granting summary judgment naming Christley as independent executrix because genuine issues of material fact were raised as to her suitability to serve. In a related argument, Appellant asserts that the trial court erred in overruling his motion for continuance so that Christley's deposition could be taken.

■ In order to raise fact issues on Christley's suitability to serve as independent executrix, Appellant relies on his affidavit attached to the response to the motion for summary judgment. Affidavits in opposition to a motion for summary judgment must be made on personal knowledge and must set forth facts which would be admissible into evidence. TEX.R.CIV.P. 166-A(e). Mere conclusions of an affiant, without some supporting facts, are not sufficient to raise fact issues necessary to defeat a motion for summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984). The statements upon which Appellant relies are mere conclusions and were not sufficient to raise a fact issue as to Christley's suitability to serve as independent executrix. Point of error two is overruled.

■ The granting or denial of a motion for a continuance rests within the sound discretion of the trial judge and the denial of such a motion will be reversed only upon a showing that the trial court has committed a clear abuse of discretion.

*Gendebien v. Gendebien,* 668 S.W.2d 905 (Tex.App.—Houston [14th Dist.] 1984, no writ). Appellant has failed to make such a showing. There had been sufficient time prior to the time the motion for summary judgment was filed for Appellant to take Christley's deposition. There is nothing in the record to show that, prior to the time the motion for summary judgment was filed, Appellee had attempted to avoid any discovery proceedings. Appellant's motion for continuance does not state that due diligence was used to procure Christley's deposition or that the continuance was not sought for delay only. The estate had been pending for well over a year when the motion was heard. In these circumstances, we cannot say that the Appellant has shown that the trial court abused its discretion in failing to grant the motion for continuance. Point of error three is overruled.

The judgment is affirmed.