Joe D. BRYAN, Appellant,

v.

Otis Austin BLUE, et al., Appellees.

No. 10–86–171–CV.

Court of Appeals of Texas,
Waco.

Dec. 31, 1986.

Charles M. McDonald, G. Timothy Boswell, McDonald, Harmon and Malone, Waco, for appellant.

Terry W. Bradley, Cleburne, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Joe D. Bryan from an order of the District Court, Sitting in Probate, appointing Thomas D. Lundberg administrator of the estate of Mickey Marlene Bryan.

Appellant Joe D. Bryan, surviving spouse of Mickey Marlene Bryan, deceased, opposed Lundberg's appointment and requested instead the appointment of Appellant's designee, InterFirst Bank of Clifton, as administrator or, in the alternative, appointment of himself. The trial court entered an order appointing Lundberg from which Appellant appeals on 3 points.

The trial court filed Findings of Fact and Conclusions of Law as follows:

### Findings of Fact

(1) Mickey Marlene Bryan died October 15, 1985, in Bosque County;

(2) She left a will dated July 21, 1984;

(3) On July 21, 1984, she was of sound mind;

(4) On July 21, 1984, she was over 18 years of age;

(5) The will is wholly in her handwriting;

(6) The will was not revoked by her;

(7) Four years have not elapsed since her death;

(8), (9), (10) Deceased never had any children nor adopted any children;

(11), (12) Deceased was married but one time, that being to Joe D. Bryan, and was never divorced;

(13) No independent executor was named in the will;

(14) Joe D. Bryan has been convicted of a felony in this court;

(15), (16), (17), (18), (19) Otis Austin Blue, father of deceased; Vera Mary Blue, mother of deceased; James C. Blue, brother of deceased; Penny Ann Blue, sister of deceased; O.D. Blue, brother of deceased, all waived their priority to serve as administrator under Section 77 of the Texas Probate Code, and requested that their nephew and cousin Thom-

as D. Lundberg be appointed administrator;

(20) Thomas D. Lundberg should give $100,000 bond.

### Conclusions of Law

(1) The will of Mickey Marlene Bryan is admissible to probate;

(2) Thomas D. Lundberg is qualified to serve as Administrator with Will Annexed.

■ Points 1 and 2 assert the trial court erred in failing to appoint Joe D. Bryan as administrator of his wife's estate because there is no evidence and/or insufficient evidence that he is not qualified to serve and he had priority over all other qualified persons.

Point 3 asserts the trial court erred in appointing Lundberg administrator of the estate of Mickey Marlene Bryan over Joe D. Bryan who has priority under Section 78 of the Probate Code because as a matter of law, when faced with two qualified applicants, the court must appoint the one with greater priority.

Section 78(c) of the Texas Probate Code provides: "No person is qualified to serve as an executor or administrator who is * * * a convicted felon, under the laws either of the United States or of any state or territory of the United States * * unless such person has been duly pardoned, or his civil rights restored, in accordance with law"; and section 78(f) precludes any person whom the court finds unsuitable.

As noted, the trial court found in Finding of Fact (14) "Joe D. Bryan has been convicted of a felony in this court". Additionally, the trial court over Appellant's objection refused to find "(5) There is no evidence that Joe D. Bryan has been convicted of a felony at any time or in any court", and "(6) There is no evidence that Joe D. Bryan has been confined to any penitentiary or correctional unit at any time".

Appellant urges that as surviving husband of the deceased he or his nominee, the Clifton bank, is entitled to the appointment and asserts the record is silent as to any felony conviction of Appellant.

The record reflects the trial judge in this case is the same trial judge who presided over Appellant's criminal trial, and the trial judge states he is aware that an appeal is being prosecuted from Appellant's conviction; and that defendant is in Huntsville.

The trial court could and did take judicial notice of its prior judgment convicting Appellant of murdering his wife, the deceased.

This court, our Supreme Court and our Court of Criminal Appeals, plus other courts, hold that it is the established law of this State that courts may take judicial knowledge of their own records, and all judgments rendered in cases involving the subject matter and practically the same parties. *Thomas v. Price*, CCA (Waco) NWH, 534 S.W.2d 730; *Cochran County v. Boyd*, CCA (Amarillo) Er.Ref., 26 S.W.2d 364; *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760; *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274; *Pridgen v. Denson*, CCA (Austin) NRE, 298 S.W.2d 276; *Barnett v. Maida*, CCA (Beaumont) NRE, 523 S.W.2d 325; *Horman v. State*, Ct.Crim. Appls, 423 S.W.2d 317.

And this court can and does take judicial notice of appellant's appeal from felony conviction for murder, now pending in this court, and of judgment of same signed by the same trial judge in the same trial court.

A person convicted of a felony but whose case is on appeal is still disqualified to serve as an administrator or executor regardless of whether the conviction is final. *Smith v. Christley*, CA (Houston 14) NRE, 684 S.W.2d 158.

All of Appellant's points are overruled.

AFFIRMED.