**Terrance J. PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–86–219–CV.**

Court of Appeals of Texas,
Waco.

June 25, 1987.

Rehearing Denied Aug. 6, 1987.

Edgar A. Mason, Dallas, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Pitts, surety on the bond of Daniel S. Henshaw, Jr., from judgment for the State of Texas for $75,000.00, in a bond forfeiture proceeding.

Appellant Pitts was surety for Daniel S. Henshaw, Jr., charged with possession of marijuana in Cause 5481 in Falls County. Henshaw did not appear for trial and on June 17, 1986, judgment nisi issued and after hearing, judgment of forfeiture, here appealed from, was rendered on August 29, 1986.

Appellant appeals on 5 points.

Point 1 asserts: "The trial court erred in forfeiting the principal's appearance bond on final hearing where the State's evidence was not supported by a judgment nisi".

■ The judgment nisi appears in the transcript but was not introduced into evidence by the State in the final hearing. The trial court could and did take judicial notice of its prior judgment nisi.

This court, the Supreme Court and the Court of Criminal Appeals, plus other courts, hold that it is the established law of this State that courts may take judicial notice of their own records, and all judgments rendered in cases involving the subject matter and the same or practically the same parties. *Bryan v. Blue*, CA (Waco) NWH, 724 S.W.2d 400; *Thomas v. Price*, CCA (Waco) NWH, 534 S.W.2d 730; *Cochran County v. Boyd*, CCA (Amarillo) NWH, 26 S.W.2d 364; *Victory v. State*, S.Ct., 158 S.W.2d 760; *Gardner v. Martin*, S.Ct., 345 S.W.2d 274; *Pridgen v. Denson*, CCA (Austin) NRE, 298 S.W.2d 276; *Barnett v. Maida*, CCA (Beaumont) NRE, 523 S.W.2d 325; *Horman v. State*, Ct.Crim. Appls, 423 S.W.2d 317; *Hokr v. State*, Ct. Crim.Appls, 545 S.W.2d 463.

*Hokr*, supra, addresses the precise issue here and holds "that a judgment nisi in bond forfeiture proceedings may be judicially noticed by the trial court thereby eliminating the former requirement that it be introduced into evidence. All cases to the contrary are overruled".

Point 1 is overruled.

Point 2 asserts: "The evidence is insufficient to demonstrate that the principal signed the bond".

■ The bond is in evidence and was signed "Daniel S. Henshaw, Jr., Principal, 5900 Highland Hills Terrace, Austin, Texas". The record contains evidence of a previous hearing involving the same parties and subject matter. The bond was offered to the judge for acceptance by appellant at the prior bond hearing, and appellant now takes the adverse position that the State did not prove that he signed same. Appellant is estopped to assert Henshaw did not sign the bond. And appellant did not plead non est factum. There is no evidence defendant Henshaw did not sign the bond.

We hold the evidence sufficient to show Henshaw did sign the bond.

Point 2 is overruled.

Point 3 asserts: "The trial court erred in taking judicial notice, if it did, of the judgment nisi since same is void on its face and will not support a judgment forfeiting bond".

Appellant attacks the form of the judgment nisi in reciting, "this judgment will be made final unless good cause be shown on the Monday next after the expiration of 20 days from the date citation is served, why defendant did not appear".

■ Appellant filed a general denial, thereby making his appearance. By filing the general denial appellant was before the court for all purposes and waived any defect in the citation. *Bowen v. State*, Ct. Crim.Appls, 413 S.W.2d 915.

Point 3 is overruled.

Point 4 asserts: "The trial court erred in rendering final judgment on the forfeiture because the evidence is insufficient to establish that the indictment upon which the principal was charged was for the same offense stated on the bond".

■ Appellant complains that his original bond was "for the offense of marijuana" and that he was thereafter indicted for possession of marijuana of more than 200 pounds but less than 2,000 pounds with one prior conviction alleged for enhancement; and that his indictment was thus for a more serious offense than that for which he originally made bond, for which he reasons the surety could not be held on such bond.

Appellant was clearly on notice of the charges against the principal, not only from the bond but also by having his bond accepted at the bond reduction hearing. Moreover, that the enhanced indictment increased appellant's risk and caused failure of consideration is not listed as an exonerating cause under Code of Criminal Procedure Article 22.13. *Lyles v. State*, Ct.Crim. Appls, 587 S.W.2d 717.

Point 4 is overruled.

Point 5 was waived and withdrawn by Appellant.

AFFIRMED.