Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00526-CV

Dave **JONES**, Individually and d/b/a Chachi's Bail Bonds,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-09-367
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 9, 2011

AFFIRMED

Pro se Appellant Dave Jones, individually and d/b/a Chachi's Bail Bonds ("Jones"),

appeals a trial court's judgment forfeiting a bail bond after the criminal defendant and principal,

Gabriel Delgado, failed to appear.  We affirm the trial court's judgment.

## BACKGROUND

Gabriel Delgado was charged with possession of marijuana.  Delgado and Jones entered

into a bail bond agreement, pursuant to which Delgado as principal and Jones as surety posted a

bail bond to secure Delgado's appearance at his arraignment. After Delgado failed to appear at the arraignment, the trial court entered a judgment *nisi* forfeiting the bail bond. Jones filed an answer, but failed to appear at the hearing. The trial court granted a default judgment in favor of the State. On appeal, Jones argues that: (1) the service of citation was defective, and (2) the State failed to present evidence of the bail bond.

## SERVICE OF PROCESS

If a criminal defendant is bound by bail to appear for an arraignment, but fails to appear, his bond may be forfeited to the State unless the defendant or his surety shows good cause for the defendant's failure to appear. TEX. CODE CRIM. PROC. ANN. arts. 22.01, 22.02 (West 2009). "Upon entry of judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final." TEX. CODE CRIM. PROC. ANN. art. 22.03(a) (West 2009). If a surety files an answer, it waives any complaints about defects in service. *See Bowen v. State*, 413 S.W.2d 915, 916 (Tex. Crim. App. 1967); *Pitts v. State*, 734 S.W.2d 117, 118 (Tex. App.—Waco 1987, no pet.).

A judgment *nisi* was entered against Delgado, as principal, and Jones, as surety, for $5,000.00. The record contains a copy of the "Personal Citation to Defendant's Surety," notifying "Dave Jones D/B/A Chachi's Bail Bonds" that the Starr County District Attorney filed suit against him and that the failure to file a timely answer could result in a default judgment. Moreover, the record shows that Jones filed an answer denying the State's allegations. Because Jones received the required citation, and because Jones waived any complaint regarding defects in the service by filing an answer, Jones's first issue is overruled.

## THE BOND

Jones's second issue is that the trial court erred by entering a final judgment because the State failed to introduce the bail bond into evidence. If a surety answers the State's petition to forfeit a defendant's bond, the State has the burden of introducing evidence of the bail bond to be entitled to judgment. *Orr v. State*, 141 S.W.2d 597, 598 (Tex. Crim. App. 1940).

In this case, the State requested that the trial court take judicial notice of a copy of the bail bond at the forfeiture hearing. *See Kubosh v. State*, 241 S.W.3d 60, 64 (Tex. Crim. App. 2007) (holding that a trial court may take judicial notice of a bond). In addition, the judgment recites that the trial court reviewed the papers on file, which included the bail bond. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (explaining that a recital in a trial court's judgment is binding). Accordingly, the record establishes that the bond was before the trial court when it rendered judgment. Jones's second issue is thus overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebecca Simmons, Justice